SIDNEY SCOTT v. THE STATE.

1. CRIMINAL LAW. *Fatal defects of record. Habeas corpus.*

   Although mere irregularities or reversible errors in the proceedings before conviction cannot be availed of by *habeas corpus*, it is otherwise, if it be plainly manifest of record that, because of radical and incurable defects, the verdict and judgment are nullities.

2. VOID CONVICTION. *Jury of eleven. Record. Parol evidence.*

   Where the record of a conviction in the circuit court recites that the accused was tried by a jury, whose names are given, and only eleven names appear, the conviction is void, and parol evidence is inadmissible to show that the trial was by twelve men, and that by a clerical error the name of one was omitted.

3. HABEAS CORPUS. *Judgment. Void conviction.*

   While the accused is entitled to relief by *habeas corpus* as against such a judgment, he will not be discharged, but will be held for another trial on the same indictment.

APPEAL from the judgment of HON. J. D. GILLAND, Circuit Judge, on *habeas corpus*.

The opinion states the case.

*Pegram & Banks*, for appellant.

Since the record affirmatively shows that the jury consisted of only eleven men, the relator was entitled, under the constitution, to his discharge.

*T. M. Miller*, attorney-general, for the state.

The writ of *habeas corpus* cannot be made to serve the purpose of a writ of error. Freeman on Judgments, 620.

On appeal, in the absence of a showing to the contrary, and since it is not necessary that the names of the jurors should be set out, it will be presumed that the enumeration of only eleven names was a clerical error. Code 1880, § 1433. The effect of this statute is a presumption that all things

were rightly done.   *Ex parte Phillips*, 57 Miss., 357; *Spivey* v.
*State*, 58 *Ib.*, 743.

WOODS, J., delivered the opinion of the court.

The petition of relator avers that he is in the custody of
the sheriff of Warren county, who holds him as the agent of
the keeper of the state prison, and to whom said sheriff is
about to deliver him, to undergo imprisonment pursuant to
the judgment of the circuit court of said county, and that
such judgment is a nullity because relator says it was founded
upon a verdict rendered against him by eleven men.

The return of the sheriff, amongst other matters showing
his authority for relator's detention, states that the judgment
of said circuit court (meaning the record of said court) shows
that the relator was tried by eleven jurors, but that this
seeming irregularity was a clerical error on the part of the
clerk of the court, who omitted the name of one juror in
making his entry of the names of the jury selected and
sworn to try the issue between the state and the defendant,
on a charge preferred of burglary and larceny.

On hearing before the judge, at chambers, the records of
the court were produced, and it affirmatively and conclu-
sively appeared that a jury of eleven men, whose names are
set out.in the record, tried the issue and rendered a verdict
against the defendant, and that upon this conviction the
judgment of the court was pronounced.   The state was then
permitted to introduce the clerk of the court, who testified,
over relator's objection, that the said jury was composed of
twelve men, but that the name of one, giving it, was omitted
from the record by a clerical error.

The relator was remanded to the custody of the sheriff to
undergo the punishment prescribed in the judgment pro-
nounced against him, and from this action of the judge he
appeals.

There can be no controversy as to the soundness of the
doctrine that " errors or irregularities in proceedings behind

the judgment cannot be inquired into on *habeas corpus,* and that the writ of *habeas corpus* was never designed to be a writ of error, by which to revise final judgments." The difficulty arises, not in the statement of the general rule, but in its application to particular cases. Mere reversible error will not be examined into on *habeas corpus,* and the party must be driven to his direct appeal, the proper mode for the rectification of irregularities. But, for incurable, radical, fatal defects, plainly and indisputably manifest of record, relief should be granted, even on *habeas corpus.*

The error complained of is incurable by any supplementary oral proofs. It is not an irregularity merely. It is not an omission of a fact from the record which presumption may be invoked to supply. It is a fatal defect, affecting the jurisdiction of the trial court. The constitutional right to trial by twelve men must be secured to every defendant, and a verdict by six men, or eleven men, is absolutely void; and a judgment founded on such nullity must necessarily be itself a nullity. The court undoubtedly had jurisdiction of the person of the relator, and of the subject-matter, and ordinarily no other questions will be considered on *habeas corpus.* But in the present instance we see indisputably that by the intervention of an unauthorized agency, whereby the defendant's guilt of the crime laid to his charge was established, the jurisdiction of the court was broken and lost. There was no power to pronounce judgment, because there was no verdict of guilt on which to base it. In our view, the relator stands just as if he had not been tried at all. The verdict is a nullity, and the judgment upon it is a nullity.

The judgment below will be reversed, but the prisoner will not be discharged. He has not yet been tried, and will therefore be remanded to the custody of the sheriff of Warren county, to be held to answer the charge of burglary and larceny originally preferred against him.