## EX PARTE JOSEPH GRUBBS.

1. HABEAS CORPUS. *Convicts. Misdemeanors. Justice of the peace. Defective affidavits. Criminal procedure.*

  A defendant who has been convicted of a misdemeanor before a justice of the peace will not be released from custody on a writ of habeas corpus because of defects in the affidavit upon which the conviction is based.

2. SAME. *Judgment. Collateral attack.*

  Where a justice of the peace acquires jurisdiction of the person of a defendant charged with a misdemeanor, his judgment cannot be collaterally attacked.

FROM the judgment of HON. FRANK E. LARKIN, circuit judge, denying relief on habeas corpus.

The opining of the supreme court fully states the facts.

*Cornelius J. Jones*, for appellant.

The affidavits upon which the pretended convictions are based are all crude and utterly insufficient to support the pretended convictions, hence the appellant should have been discharged.

*Monroe McClurg*, attorney-general, *contra*.
Grubbs' remedy was an appeal to the circuit court.

Terral, J., delivered the opinion of the court.

Joseph Grubbs shows in his petition for a writ of habeas corpus that he has been duly committed to the custody of the convict contractor of Washington county by the sheriff of said county under convictions for crime, before a justice of the peace of said county, of four several and distinct misdemeanors. The petitioner sets out in his complaint the substance of several affidavits of said several misdemeanors upon which he was convicted, and he points out errors and defects in said affidavits which he claims avoid the several convictions. It must be admitted that three of the affidavits upon which Grubbs was convicted are erroneous and defective, and do not properly charge crimes against him, and if objections thereto had been seasonably made they would have been quashed. But it is not competent for Grubbs to attack the proceedings against him in the way here pursued. He should have objected to the affidavits severally before the justice of the peace, and, failing of redress there, he should have appealed his cause to the circuit court. A writ of habeas corpus is not a process for taking advantage of such errors and defects. The sufficiency of an affidavit or indictment for crime is a matter of great concern in the administration of public justice, but such sufficiency must be tested in a proper manner in the courts where the prosecutions are had, and the writ of habeas corpus cannot be used as writ of error or an appeal, because the decision of the trial court is conclusive unless reversed on appeal. Any other rule would throw the administration of the criminal law into inextricable confusion.

Judgments of courts are disregarded and held for nothing where the court passing the sentence had no jurisdiction over the subject-matter or over the person sentenced; but where jurisdiction is obtained the judgment rendered is conclusive,

except upon appeal. Justices of the peace have jurisdiction to try any and all misdemeaners, of whatsoever character, and the complaint here made is not of jurisdiction, but of the insufficient charges against Grubbs, and this complaint cannot be examined into upon a writ of habeas corpus. One of the charges tried by the justice of the peace was for exhibiting concealed weapons, which imports no crime whatever, and the manifest and painful unfamiliarity of the justice of the peace with the forms of charging crime would have justified him in refusing to try the case, and of binding the offender to the circuit court for trial; but he had jurisdiction of the crime intended to be charged, and having tried it, and passed sentence, his judgment must be conclusively taken to be correct, for, having full jurisdiction of the crime and over the offender, his judgment cannot be attacked collaterally in a proceeding like this. The petitioner not having insisted on his right before the justice of the peace, his only other remedy is by an appeal of his several convictions to the circuit court. The writ of habeas corpus furnishes no redress for the matters here complained of. Freem. on Judgments, ch. 29; Church on Hab. Corp., ch. 24; *Emanuel* v. *State*, 36 Miss., 627.

*Affirmed.*