## Ex Parte Chester Burden.

### [45 South., 1.]

**1. Criminal Law and Practice.** *Verdict. Surplusage.*
A verdict finding defendant guilty of assault and battery "with intent to commit manslaughter" is a conviction of assault and battery only; the quoted words being surplusage.

**2. Same.** *Sentence. Habeas corpus. Grounds. Jurisdiction, want of.*
A sentence of a different character from that authorized by law for the crime of which accused has been found guilty is void and he may be relieved on *habeas corpus;* but an excessive sentence of the character authorized is not void and relief therefrom can be procured only by appeal.

**:3. Same.** *Case.*
Where the trial court erroneously treated a verdict finding defendant guilty of an assault and battery with intent to commit manslaughter, as a verdict convicting of a felony, instead of assault and battery only, and sentenced the accused to the penitentiary as for a felony, the sentence was void and defendant entitled to remedy by *habeas corpus.*

**·4. Same.** *Disposition of person.*
Where in such case the verdict was good as for a misdemeanor the relator should not on *habeas corpus* be discharged, but should be remanded to the court for proper sentence.

FROM the judgment of HON. G. GARLAND LYELL, Chancellor, on *habeas corpus,* admitting Chester Burden to bail.

Burden, the relator, was indicted by the grand jury of, first district, Hinds county, for "an assault and battery with intent and in the attempt to kill and murder;" the jury which tried him in the circuit court found him *"guilty of assault and battery with intent to commit manslaughter."*

The circuit court sentenced him to the penitentiary, treating the verdict as a conviction of felony. The relator appealed to the supreme court, pending which he sued out a writ of *habeas corpus* before the chancellor, claiming that the verdict was a nullity, or at most a conviction of a misdemeanor, and that he was entitled to bail pending the appeal. The chancellor granted bail and the state appealed to the supreme court.

*R. V. Fletcher,* attorney general, for appellant.

Burden was indicted for assault and battery with intent to kill and murder and the jury brought in a verdict finding him guilty of assault and battery with intent to commit manslaughter. Thereupon the trial court sentenced him to the penitentiary, treating the verdict as a conviction for a felonious assault. Burden took an appeal to the supreme court. Pending this appeal, he sued out a writ of *habeas corpus* before the chancellor, alleging that the conviction was a nullity or at most was good as a conviction for simple assault and battery and that he was entitled to bail pending appeal as of right. The chancellor adopted this latter view and admitted relator to bail, fixing the amount at $1,000. The condition of the bond is that he appear before the supreme court, and answer to its judgment, if the case be affirmed, or appear before the circuit court of Hinds county at its next term, should the case be reversed, and abide such lawful sentence for assault and battery as that court may impose. From this decree, the state appeals. Relator doubtless relies upon the cases of *Morman* v. *State,* 24 Miss., 55; *Gibson* v. *State,* 38 Miss., 310, and *Bedell* v. *State,*

50 Miss., 492. The *Morman case* was decided under Hutchin-
son's Code by the terms of which the offense of assault with in-
tent to kill and murder was one offense with a ten year peniten-
tiary sentence as the maximum and assault with intent to com-
mit manslaughter was another and distinct offense with a five
year penitentiary sentence as the maximum. In this state of
the law, the court held that attempt to commit manslaughter
was not included as a constituent of attempt to murder, and
that upon an indictment for attempted murder, the prisoner
could not be convicted of assault to commit manslaughter. The
Code of 1857 seems to have omitted altogether any statute de-
fining the crime of attempted manslaughter and in this condi-
tion of the statute the *Gibson case* was decided. This case held
properly enough that since no statute defined an attempt to
commit manslaughter as a distinct crime then a verdict of such
attempt must be construed as a conviction of simple assault and
battery. But by Code 1871, § 2497, the statute was changed
and it was made a felony to attempt to commit manslaughter,
as well as to attempt to commit murder. However this statute
left it discretionary with the trial court whether upon convic-
tion for such offense, a penitentiary sentence or a jail sentence
should be imposesd. Under this statute the *Bedell case* was de-
cided. The chancellor's decision is not supported by ei-
ther the *Morman case* or the *Gibson case*. For the *Morman
case* held that a defendant indicted for attempt to murder could
not be convicted of attempt to commit manslaughter, since the
two offenses are by statute separate and disinct. The *Gibson
case* was not authority since there had occurred the radical
change in the statute. I submit, therefore, that there may be
some very serious doubt as to the soundness of the *Bedell case*.
Now the Code 1906, § 1043, clearly makes it a felony to
commit the crime of assault and battery in the attempt to
commit manslaughter. So that no question could arise as to the
right of the state to indict a man for assault and battery in the
attempt to commit manslaughter, and upon conviction on such a

charge, he could be sentenced to the penitentiary. So that the only question in this aspect of the case is as to whether upon, an indictment for assault to murder, the jury is warranted in finding the defendant guilty of assault to commit manslaughter, or whether that offense would have to be charged in a separate and distinct indictment. It is not my purpose at this time to argue at length the question of whether the circuit judge in passing sentence on this relator did not misjudge the law. That question will be heard and determined when the case reaches the court on appeal. But I have thus briefly reviewed the course of legislation and decision for the purpose of showing, if possible, that the question of the circuit judge's action is at least open to debate, and that in sentencing the prisoner to the penitentiary on the verdict rendered, there was no clear and palpable violation of a positive and specific statute, but that the error, if any has indeed been committed, was at most simply in error in construing a verdict, which is open to serious question as to its real effect. The question therefore before this court is as to whether the judgment of the circuit court is absolutely void or whether at most it is merely voidable and such an error as can be corrected only by appeal.

The general rule distinguishing the functions of writs of error and of *habeas corpus* has thus been clearly stated: "There can be no controversy as to the soundness of the doctrine that 'errors or irregularities in proceedings behind the judgment can not be inquired into on *habeas corpus* and that the writ of *habeas corpus* was never designed to be a writ of error, by which to revise final judgment.' The difficulty arises, not in the statement of the general rule, but in its application to particular cases. Mere reversible error will not be examined into on *habeas corpus,* and the party must be driven to his direct appeal, the proper mode for the rectification of irregularities. But for incurable, radical, fatal defects, plainly and indisputably manifest in the record, relief should be granted, even on *habeas corpus. Scott* v. *State,* 70 Miss., 247, 11 South., 657.

In the case last cited the relator had been tried by eleven men instead of twelve, and the court held that there had been no trial at all; that no verdict at all had been rendered, and that all the proceedings were a nullity. But here there was a lawful trial, and the only quarrel with the circuit court is an alleged failure to pronounce the proper sentence upon the verdict.

The true rule has thus been again stated by our court: "Judgments of courts are disregarded and held for nothing where the court passing the sentence had no jurisidction over the subject-matter or over the person sentenced; but where jurisdiction is obtained the judgment rendered is conclusive, except upon appeal. Justices of the peace have jurisdiction to try any and all misdemeanors, of whatsoever character, and the complaint here made is not of jurisdiction, but of the insufficient charges against Grubbs, and this complaint cannot be examined into upon a writ of habeas corpus. One of the charges tried by the justice of the peace was for exhibiting concealed weapons which imports no crime whatever, and the manifest and painful unfamiliarity of the justice of the peace with the forms of charging crimes would have justified him in refusing to try the case and of binding the offender to the circuit court for trial; but he had jurisdiction of the crime intended to be charged, and having tried and passed sentence, his judgment must be conclusively taken to be correct, for, having full jurisdiction of the crime and over the offender, his judgment can not be attacked collaterally in a proceedings like this. The petitioner not having insisted on his right before the justice of the peace, his only other remedy is by an appeal of his several convictions to the circuit court. The writ of habeas corpus furnishes no redress for the matters here complained of. Freem. on Judgments, ch. 29; Church on Hab. Corp., ch. 24; *Emanuel v. State*, 36 Miss., 627." *Ex parte Grubbs,* 79 Miss., 358, 30 South., 708; *Ex parte Smith,* 79 Miss., 373, 30 South., 110; *Ex parte Burke,* 58 Miss., 50.

I call the special attention of the court to the exhaustive

treatment of this question as contained in 15 Am. & Eng. Ency. Law (2d ed.) 170, 1–3 *et seq.* On these pages the whole question is treated with abundant citation of authority. See also 21 Cyc., 285, as to exclusiveness of remedy by appeal.

In *Ex parte Mooney,* 53 Am. Rep., 59, relator, who had been convicted of an offense similar to the one in the case at bar was given both a penitentiary sentence and a fine. Upon a *habeas corpus* proceeding, it was contended that the court was without power to impose both. In reviewing this case, the supreme court of West Virginia uses this language:

"Whether or not this is the true interpretation of the statute (referring to the contention that both forms of punishment could not be imposed) it is unnecessary and perhaps improper to decide in this proceeding, as it is not the only construction that can by any possibility be given to it, and the proper mode of having it construed is by writ of error to said judgment and not by this collateral proceeding."

Here is my contention in a nut shell. The sentence in this case is not incorrect by any clear and unmistakable provision of a statute. According to one view of the matter as I have tried to show in the first part of this brief, there is much room for argument on the question of whether or not the circuit judge erred in imposing sentence. Such being the uncertain condition of the law, the judgment is pre-eminently one for review on appeal, not for review on collateral attack.

In re *Fanton,* 70 Am. St. Rep., 418, is a case in point. There a sentence in excess of the amount fixed by the statute had been imposed and the Nebraska court on the authority of Church on Habeas Corpus, § 370, held that the judgment was voidable merely and not void, and that the relator should have depended upon an appeal. Many authorities are reviewed in the case.

As the final word upon this case, I cite with confidence the opinion of the supreme court of the United States in a case where the question was as to the correctness of a judgment founded on a verdict which the supreme court of Wisconsin had held

to be erroneous. The statute of Wisconsin divided murder into three degrees and provided that the jury should state by their verdict of which degree the defendant was found guilty. This the jury had failed to do and the court sentenced the defendant just as if the verdict had been as directed by the statute. Upon a *habeas corpus* proceeding the supreme court of the United States used these carefully weighed words:

"In the decision refusing the writ applied for by Eckart the supreme court of Wisconsin held that while the conviction under the sentence in question was erroneous, the error in passing sentence was not a jurisdictional defect and the judgment was therefore not void. In this view we concur. The court had jurisdiction of the offense charged and of the person of the accused. The verdict clearly did not acquit him of the crime with which he was charged, but found that he had committed an offense embraced within the accusation upon which he was tried. It was within the jurisdiction of the trial judge to pass upon the sufficiency of the verdict and to construe its legal meaning, and if in so doing he erred, and held the verdict to be sufficiently certain to authorize the imposition of punishment for the highest grade of the offense charged, it was an error committed in the exercise of jurisdiction, and one which does not present a jurisdictional defect, remediable by the writ of *habeas corpus.* The case is analogous in principle to that of a trial and conviction upon an indictment, the facts averred in which are asserted to be insufficient to constitute an offense against the statute claimed to have been violated. In this class of cases it has been held that a trial court possessing general jurisdiction of the class of offenses within which is embraced the crime sought to be set forth in the indictment is possessed of authority to determine the sufficiency of an indictment, and that in adjudging it to be valid and sufficient the court acts within its jurisdiction, and a conviction and judgment thereunder cannot be questioned on *habeas corpus,* because of a lack of certainty or other defect in the statement in the indictment of the

facts averred to constitute a crime.   *Ex parte Coy,* 127 U. S.,
731, 756–758 (32; 274, 280, 281) and cases there cited."   *Re
Edward Eckart,* 166 U. S., 478 (41 L. Ed. 1085).

This decision is precisely in point and states the whole case
for appellant.   So here we close with saying that it was for
the circuit court, in the absence of a statute, to construe the
verdict and determine its real meaning and if it erred, the error
can be corrected only by appeal.

*Hallam, Easterling & Hallam,* for appellee.

Before reviewing the points of law involved in a proper de-
cision of this case, we wish to call the court's attention to the
manner in which the able attorney general, in his brief,
walks squarely up, as it were, to the obstacle which he finds
in his path—the crux of this case—and then calmly turns to
the side and as calmly walks around it.   The question pre-
sented in the case at bar, as we see it, is not whether the sen-
tence is excessive merely, or whether it is severable, but wheth-
er or not it is absolutely null and void.   Again, the verdict of
the jury was not for assault and battery in the attempt to com-
mit manslaughter but with the intent to commit manslaughter.
The word "intent" is entirely overlooked by appellant, and the
words "in the attempt" regularly and exclusively used.   And
well they might be, looking at the case from appellant's point
of view alone; for there can be no intent to commit manslaugh-
ter, as when manslaughter is committed it is committed while
the offender is in such a state of mind as to be utterly incapable
of forming any intent whatever, and it is this absence of intent
which reduces a felonious homicide from the grade of murder
to that of manslaughter.   Besides this, without the insertion
of these words "in the attempt" appellant's case must fall.
We must look at the verdict as rendered, and interpret it by
the common definition and acknowledged understanding of the
words embraced in it, and not interpolate and substitute words
of our own.   It is the intent which governs, and "it is incum-

bent on the state to prove the specific intent charged." *Mormon* v. *State,* 24 Miss., 54; *Thompson* v. *State,* 88 Miss., 223, 40 South., 545.

From our point of view, there are only two questions involved in this case, the first being as to whether the circuit court had authority or jurisdiction to impose the sentence, or whether the judgment is void *in toto;* and the second being whether the chancellor had jurisdiction to entertain the petition for a writ of *habeas corpus* and to make the order admitting relator to bail.

As to the first proposition, we wish to call the court's attention to the fact that since the year 1847, when the case of *Bradley* v. *State* was decided, it has been settled law in this state that the offense of assault and battery in the attempt to commit manslaughter is not an inferior degree of, or in any manner embraced in, a charge of assault and battery with intent to kill and murder, and that a conviction of the former under a charge of the latter is a conviction as for a misdemeanor at most. *Bradley* v. *State,* 18 Miss., 618; Hutchinson's Code, Secs. 33 and 36; *Mormon* v. *State,* 24 Miss., 54; *Gibson* v. *State,* 38 Miss., 310; Code 1871, § 2497; *Bedell* v. *State,* 50 Miss., 493; Code 1880, § 2711, Code 1892, § 967, Code 1906, § 1043.

In support of the contention of appellee that the writ of *habeas corpus* was the proper remedy, we cite with confidence the following extracts from "CYC" and the Am. & Eng. Enc. of Law (2d ed.):

"*Third. Want or excess of jurisdiction.* Want of jurisdiction over person or subject matter is always a ground for relief on habeas corpus, for if the court has acted without jurisdiction its judgment or order is absolutely void, even on collateral attack; and at least according to the doctrine of the later case, in addition to jurisdiction over person and subject matter, the court must have had jurisdiction to render the particular judgment." 21 Cyc., 296, 297.

"*Ninth. Want of power to render particular judgment.* Ju-

risdiction is said to be of two kinds: first, the power to hear and determine the particular matter and render some judgment thereon, and second, the power to render the particular judgment which was rendered; and the idea seems formerly to have prevailed that the jurisdiction of courts consisted entirely of the former of these powers, and that a discharge on *habeas corpus* could not be granted merely because the court had no power to render the particular judgment, if it had jurisdiction of the offense and of the person accused."

"*The modern rule* is that even where a court has jurisdiction of the offense charged and of the person of the accused, it may so far transcend its powers in assessing the penalty for the offense, by imposing a punishment of a character different from that prescribed by law, or otherwise, that the sentence will be void and furnish no authority for holding the accused in custody, though the conviction on which the sentence was entered was valid and correct; and in such a case the accused may be discharged on habeas corpus. But it is only when the court pronounces a judgment which is not authorized by law under any circumstances in the particular case made by the pleadings, whether the trial has proceeded regularly or otherwise, that such judgment can be said to be void so as to justify the discharge of the defendant held in custody by it and a judgment is not considered void, according to what seems to be the preponderance of authority, merely because it is excessive, if it is of the kind and character authorized by law, though it has been said that an excessive judgment is one that the court did not have power to render, and is therefore void. The discharge, however, in case a void sentence has been entered on a valid conviction, should be without prejudice to the right of the prosecution to have the prisoner sentenced according to law, unless the case is such that the prisoner cannot be remanded for sentence."

The error of the circuit court in pronouncing the sentence which was pronounced against appellee, is not merely an ir-

regularity, but is incurable, radical, fatal, plainly and undisputably manifest of record; and it had no power to render that particular judgment. *Scott* v. *State,* 70 Miss., 247, 11 South., 657; *Ex parte Harris,* 85 Miss., 4, 37 South., 505.

Neither *Ex parte Grubbs,* 79 Miss., 358, 30 South., 708; *Ex parte Smith,* 79 Miss., 373, 30 South., 710, nor *Ex parte Burke,* 58 Miss., 50, cited in appellant's brief, is in point, for there can be no doubt as to the jurisdiction of a justice of the peace to bind over to the grand jury a person brought before him on a charge of misdemeanor, if in the judgment of the justice of the peace a felony has been committed. Code 1906, § 2753.

WHITFIELD, C. J., delivered the opinion of the court.

The verdict in this case was in the following words: "We, the jury, find the defendant guilty of assault and battery with intent to commit manslaughter." Under the case of *Traube* v. *State,* 56 Miss., 153, this has been determined to be a mere conviction of assault and battery; the words "with intent to commit manslaughter" being mere surplusage. We have, therefore, a conviction of a misdemeanor. The learned circuit court, misinterpreting this verdict, held it to be a conviction for a felony, and sentenced the defendant to six years in the penitentiary. This sentence it had no power nor jurisdiction to impose. The distinction, abundantly established by authority, is between a sentence which is merely excessive or erroneous, regard being had to the particular offense, and a sentence which is absolutely void. In the former case the writ of *habeas corpus* cannot be availed of, but the party must appeal; else the writ of *habeas corpus* would be made to serve the office intended exclusively for an appeal. This last point, and this alone, is what was held in the case of *Ex parte Grubbs,* 79 Miss., 358, 30 South., 708. That was no case of excessive sentence for any offense. The sole com-

plaint by Grubbs, on *habeas corpus,* was that the affidavits on which he had been convicted were defective. Of course, the writ of *habeas corpus* could not be resorted to to try that question. It is no authority whatever on the point in issue here. The true doctrine is laid down explicitly in 21 Cyc., at page 296, where is is said: "Want of jurisdiction over person or subject-matter is always a ground for relief on *habeas corpus,* for, if the court has acted without jurisdiction, its judgment or order is absolutely void even on collateral attack; and at least according to the doctrine of the latter cases, in addition to jurisdiction over person and subject-matter, the court must have had jurisdiction to render the particular judgment"—citing innumerable authorities from all over the Union, including *Scott* v. *State,* 70 Miss., 247, 11 South., 657, 35 Am. St. Rep., 649, which is directly in point and decisive here. At page 298 of the same authority is laid down the universal doctrine that "mere errors and irregularities which do not render the proceeding void are not ground for relief by *habeas corpus.* In such case, if the judgment is one from which appeal lies, the remedy is by appeal." The rule is thus clearly laid down in 21 Cyc., at page 294: "But from this it does not follow that the only question which can be inquired into is the jurisdiction of the court over person and subject-matter; but, in addition, the court must, at least according to the later cases, have had jurisdiction to render the particular judgment, without which its judgment is void and the prisoner entitled to be discharged" —citing numerous authorities. Notice that it is expressly said this is the holding of the latest cases. Again, the rule is thus expressed in 15 Am. & Eng. Ency. of Law (2d ed.) p. 270, that: "Even where a court has jurisdiction of the offense charged and of the person of the accused, it may so far transcend its powers in assessing the penalty for the offense, by imposing a punishment of a character different from that prescribed by law, or otherwise, that the sentence will be void and furnish no authority for holding the accused in custody, though the conviction on

which the sentence was entered was valid and correct; and in such a case the accused may be discharged on *habeas corpus*. But it is only when the court pronounces a judgment which is not authorized by law under any circumstances in the particular case made by the pleadings, whether the trial has proceeded regularly or otherwise, that such judgment can be said to be void, so as to justify the discharge of the defendant held in custody by it, and a judgment is not considered void, according to what seems to be the preponderance of authority, merely because it is excessive, if it is of the kind or character authorized by law, though it has been said that an excessive judgment is one that the court did not have the power to render, and is therefore void. The discharge, however, in case a void sentence has been entered on a valid conviction, should be without prejudice to the right of the prosecution to have the prisoner sentenced according to law, unless, the case is such that the prisoner cannot be remanded for resentence."

In the case of a judgment or sentence which is merely excessive, it seems to be well settled that, "if the court was one of general jurisdiction, such judgment or sentence is not void *ab initio* because of the excess, but it is good so far as the power of the court extends, and is invalid only as to the excess, and therefore a person in custody under such a sentence cannot be discharged on *habeas corpus* until he has suffered or performed so much of it as it was within the power of the court to impose. This condition exists whenever the punishment imposed is of the nature or kind prescribed by law and merely exceeds the quantity authorized, as where the offender is sentenced to a longer term of imprisonment than is prescribed for the particular offense," etc. It will be especially noted that both Cyc. and Am. & Eng. Ency. of Law declare it to be the modern rule, according to the latest and best-considered cases, that, although the court may have jurisdiction over the subject-matter and over the person, it is without jurisdiction to impose a sentence not appropriate to the kind and nature of the offense. The

language used in the Ency. is: "This condition exists [i. e.,. *habeas corpus* cannot be resorted to] whenever the punishment is of the nature or kind prescribed by law and merely exceeds. the quantity authorized." And again the same authority says, on page 170, that, "even where a court has jurisdiction of the offense charged and of the person of the accused, it may so far transcend its powers in assessing the penalty for the offense by imposing a punishment of a character different from that prescribed by law, or otherwise, that the sentence will be void and furnish no authority for holding the accused in custody, though the conviction on which the sentence was entered was valid and correct; and in such a case the accused may be discharged on *habeas corpus.*" Again, in the latter part of the same section, it says: "The court, to have power to render the particular judgment, must impose a punishment of the kind or character authorized by law." This is the true test, the correct distinction. The same doctrine is declared in *Windsor* v. *McVeigh,* 93 U. S., 274, 23 L. Ed., 914, and *Ex parte Lange,* 18 Wall. (U. S.) 163, 21 L. Ed., 872, both of which are approved in *McHenry* v. *State,* 91 Miss., 562, 44 South., 831.

We refer to but two other cases. In the case of *In re Fanton,* 55 Neb., 703, 76 N. W., 447, 70 Am. St. Rep., 422, it is said: "If, upon a conviction for burglary, the court should sentence the accused to be hung, the judgment would be void for want of jurisdiction of the court to impose a sentence of that kind in that case. But it would be otherwise if the court should adjudge an imprisonment in the penitentiary for a longer period than fixed by the statute for the crime of burglary. In the latter case the sentence would be erroneous merely, but not void. In the one case the court had no jurisdiction to impose that particular kind of a sentence upon conviction of burglary,. while in the other the statutory kind of punishment was meted out, although the time of imprisonment exceeded the statutory bounds. A sentence of a different character than that authorized by law to be imposed for the crime of which the accused

has been found guilty is void, while a sentence which imposes the statutory kind of punishment is not absolutely void, although excessive. In the former case the entire judgment is invalid, while as to the latter the excessive portion is alone erroneous, and not void in such a sense as to be available on *habeas corpus,* at least until after the valid portion of the judgment has been executed." This is a very precise statement of the true distinction. In the last case we cite, *In re Bonner,* 151 U. S., 242, 14 Sup. Ct., 323, 38 L. Ed., 149, the great judge, Mr. Justice Field, speaking for the court in a case where the defendant was convicted of a crime for which he could not be imprisoned in the penitentiary at all, just as here, after a very able discussion of the whole subject-matter says: "The prisoner is ordered to be confined in the penitentiary, where the law does not allow the court to send him for a single hour. To deny the right of *habeas corpus* in such a case is a virtual suspension of it; and it should be constantly borne in mind that the writ was intended as a protection of the citizen from encroachment upon his liberty from any source, equally as well from the unauthorized acts of courts and judges as the unauthorized acts of individuals"—and the prisoner was discharged on the writ of *habeas corpus,* but held to answer further according to law; that is, to appear before the lower court to receive proper sentence. These statements of this elementary principle are clear and accurate, and no other authorities than those referred to in the text are necessary. Wherever the sentence pronounced by the circuit judge is merely excessive, or erroneous, or irregular, the writ of *habeas corpus* has no place, but the defendant must appeal; but wherever, the sentence imposed by the circuit judge for the particular offense of which the defendant has been found guilty by the jury is void for want of power to pronounce that particular sentence, such sentence is absolutely void, and the defendant may resort to the writ of *habeas corpus* to release him from confinement in pursuance of such illegal sentence.

Here we have the case of a man convicted of a misdemeanor and under sentence as for a felony. Most manifestly the sentence is void absolutely, as one which the court was without power under the law to pronounce at all. It is not correct to say that, if the circuit court interpreted this verdict to be a verdict of guilty of a felony, it was under the duty to sentence as for a felony. Whether the defendant was convicted of a misdemeanor or a felony as a matter of fact is the test as to the sentence to be imposed; not what interpretation, right or wrong, the circuit court may have put on the verdict. The question is, what was the defendant convicted of by this verdict? and the answer is plain, "Of simple assault and battery," and that is a mere misdemeanor. How, then, could the circuit court impose the penalty of six years' imprisonment in the penitentiary on a defendant convicted of mere assault and battery? It is manifest that his judgment was absolutely void. The argument that *habeas corpus* does not lie to correct a merely excessive sentence is sound enough; but the sentence must always be one proper for a misdemeanor where the conviction is of a misdemeanor, and one proper for felony where the conviction is of a felony, else we would introduce interminable confusion into the law. If in this case, for example, the circuit court, treating this judgment, as it should have been treated, as a conviction of simple assault and battery, had imposed an excessive sentence as for a misdemeanor, we would have had the case of a merely excessive or irregular or erroneous sentence; but, when the court undertook to impose upon the defendant a felony sentence for a conviction for misdemeanor, it becomes perfectly clear that it imposed a sentence which it was without power or jurisdiction to impose. The one would have been a mere irregular exercise of power; the other the exercise of a power the court was wholly without, since in no possible case could it have imposed a felony sentence for a mere misdemeanor.

One other observation is due to be made, however, in this

case, and that is that, since this verdict is not a nullity, but was a good verdict for assault and battery, the relator should not be discharged, but should be remanded to the circuit court for proper sentence as for assault and battery. See 21 Cyc., 306, par. 15, where it is said, citing authorities: "The court may also have jurisdiction to commit a party on one ground, but not on another, and may nevertheless commit him on both grounds; and in such case the prisoner ought not to be discharged so long as he is properly imprisoned under the valid portion of the commitment."

The decree is *affirmed.*

Mayes, J., delivered the following dissenting opinion:

I cannot agree to the conclusion reached by the majority opinion in this case. The practical effect of the decision is to convert the writ of *habeas corpus* into a writ of error, and to establish as many courts of review as there are judges who may issue the writ of *habeas corpus*—a result that it was never intended that the writ of *habeas corpus* should accomplish. The concrete case here is this: Burden was indicted in the circuit court of Hinds county under Code 1906, § 1043. That section of the Code is as follows: "Every person who shall be convicted of shooting at another, or of attempting to discharge any firearms or airguns at another, willfully, or of any assault or assault and battery upon another with any deadly weapon or other means of force likely to produce death, with intent to kill and murder, or to maim, ravish or rob such other person, or in the attempt to commit any murder, rape, manslaughter, burglary, larceny, or other felony, or in resisting the execution of any legal process, or of any officer or private person lawfully attempting to arrest him or any other person, . . . shall be imprisoned in the penitentiary not more than ten years, or shall be punished by a fine of not more than one thousand dollars, or by imprisonment in the county jail not more than one year, or both." The indictment charged

that Chester Burden "did then and there willfully, unlaw-
fully, feloniously, and of his malice aforethought make an as-
sault upon the person of one W. L. Owen with a certain deadly
weapon, to-wit, a pistol, with intent and in the attempt, etc.,
to kill and murder," etc. It will be noted that the indictment
charges that Burden made an assault, etc., both with intent and
in the attempt to commit murder. This indictment was chal-
lenged in no way, and under it Burden was placed upon trial.
After hearing the case, the jury returned the following verdict:
"We, the jury, find the defendant guilty of assault with intent
to commit manslaughter." Whereupon the defendant was sen-
tenced to the penitentiary for six years. The punishment pro-
vided in the statute for an assault, etc., with intent to commit
murder, manslaughter, etc., is the same.

Without undertaking to say in this case whether the sentence
of the circuit court was correct or not, I do say that, being a
court of general jurisdiction and having full jurisdiction both
of the offense charged and of the person, the sentence is not
void *ab initio*, and therefore, if reviewed, it must be by appeal,
and not on a collateral attack under the writ of *habeas corpus*.
If it be conceded that the verdict of the jury, under the case
of *Traube* v. *State*, 56 Miss., 153, only convicted defendant of
an assault and battery, the most that can be said is that the
court has imposed a sentence in excess of what it had a right
to do under the law, and this is mere error. In volume 15, p.
171 (2d ed.) Am. & Eng. Encyc. of Law, the following rule is
laid down: "In the case of a judgment or sentence which is
merely excessive, it seems to be well settled that, if the court was
one of general jurisdiction, such judgment or sentence is not
void *ab initio* because of the excess." Again, on the same page, it
is said that "whenever the punishment imposed is of the nature
or kind prescribed by law, and merely exceeds the quantity au-
thorized, as where the offender is sentenced to a longer term of
imprisonment than is prescribed for the particular offense, or
where he is condemned to pay a fine and be imprisoned for an

offense which is punishable by a fine or imprisonment, or where the sentence is severable, and a part of it is of the nature prescribed by law and the other part is not, as where an offender is sentenced to imprisonment in the penitentiary and to pay a fine, when the punishment authorized by law for the particular offense is a fine and imprisonment in the county jail," in all such cases the action of the court can be reviewed only on appeal. In *Sennot's case,* 146 Mass., 489, 16 N. E., 448, 4 Am. St. Rep., 344, citing many cases, it is said: "A writ of *habeas corpus* cannot perform the functions of a writ of error in relation to proceedings of a court within its jurisdiction. Where a court has jurisdiction of a person and of the offense, the imposition by mistake of a sentence in excess of what the law permits is within the jurisdiction, and does not render the sentence void, but only voidable by proceeding upon writ of error." *In re Eckart,* 166 U. S., 481, 17 Sup. Ct., 638, 41 L. Ed., 1085; *In re Fanton,* 55 Neb., 703, 76 N. W., 447, 70 Am. St. Rep., 418; *Scott* v. *State,* 70 Miss., 247, 11 South., 657, 35 Am. St. Rep., 649; *Ex parte Grubbs,* 79 Miss., 358, 30 South., 708.

In this case the jury returned a doubtful verdict. This verdict and its interpretation called for the court's construction, and the court gave its interpretation of the verdict, and held that it convicted defendant of one of the offenses charged in the indictment, and imposed a sentence of the nature and kind prescribed by law for the offense of which the court held that defendant was convicted. If this was wrong, it was mere error, and, like all others, is reviewable only on appeal. The majority opinion proceeds upon the idea that there was a clear want of authority in the circuit court to impose this sentence, and proceeds to prove this by declaring that under the verdict defendant was only convicted of assault and battery. This may be true; but the circuit court did not so construe the verdict under the statute. If defendant had only been charged with assault and battery, and the jury had only convicted him

of assault and battery, and the court had sentenced him to the penitentiary, I am of opinion that *habeas corpus* would lie, because in that case there would be a clear lack of jurisdiction to render that kind of a sentence. It would be punishment of a different nature and kind from that allowable by law, and which the court had no jurisdiction to render in the particular case. But that is not this case. In the case of *Fanton* v. *State*, 55 Neb., 703, 76 N. W., 447, 70 Am. St. Rep., 422, referred to by the majority opinion, I fail to see any analogy to this. Of course, if the party charged with burglary were sentenced to be hung, a writ of *habeas corpus* would lie, because there was no jurisdiction acquired by the court to render such a judgment. Being without jurisdiction, it is void. It is not of the nature and kind authorized by law. That case is not similar to this case. The majority opinion entirely overlooks the fact that the court was called upon to construe a verdict of the jury not clear in itself, and in doing so has held that defendant is convicted of a charge embraced in the indictment, and thereupon proceeds to render a sentence of a nature and kind authorized by law on a conviction of the offense that the court holds that the jury's verdict convicted defendant of. The indictment charged a felony, the court held that the verdict of the jury convicted of a felony, the court had the power to sentence for a felony, and the punishment imposed by the court according to his interpretation of the verdict. I maintain that in any case where it is a matter of doubt as to what is the meaning of the verdict of the jury, and a court of general jurisdiction is called upon to construe it, and in construing the verdict commits error, but imposes only such sentence as would be appropriate under the offense charged and under the construction of the verdict given by the court, then the remedy is by appeal, and not by *habeas corpus*. One charged with murder and convicted of manslaughter by a verdict that was clear could not be sentenced for murder, and, if he was, might be released by writ of *habeas corpus*. There would be no room

for construction here, and a sentence imposed for murder would be void.

The case of *In re Bonner,* 151 U. S., 242, 14 Sup. Ct., 323, 38 L. Ed., 149, in my judgment has no application here. That was a case where the party was sentenced in violation of the express provisions of the United States statutes, and, of course, there was no jurisdiction to render the judgment. The later case of *In re Eckart,* 166 U. S., 481, 17 Sup. Ct., 638, 41 L. Ed., 1045, is a clear exposition of the subject, and gives the correct law. 1 Bishop's Crim. Pro., § 1410 *et seq.,* and note; 21 Cyc., 306.

