NATIVE HENRY v. STATE OF MISSISSIPPI.

[53 South. 397.]

CRIMINAL LAW AND PROCEDURE. *Assault and Battery. Autrefois convict.*

The judgment of a justice of the peace convicting a defendant of an assault and battery is not insufficient to maintain a plea of former conviction to an indictment for the same offense:—

(a) Because the justice of the peace permitted a plea of guilty to be entered without summoning witnesses; nor

(b) Because the affidavit on which it was based averred that the defendant "did commit an assault and battery" without charging the acts which constituted the offense.

FROM the circuit court of Union county.

HON. WILLIAM A. ROANE, Judge.

Henry, appellant, was indicted for an assault and battery upon one Mittleburg West. He pleaded a former conviction, and supported his plea by the record of a prosecution for the same offense before a justice of the peace wherein he was convicted and fined. The affidavit upon which the justice of the peace judgment was rendered charged, omitting formal parts, "that Native Henry and Mittleburg West did commit an assault and battery on each

other." The record of the justice of the peace failed to show that any witnesses were supoenaed, appeared or testified. It did show, however, that defendant, Henry, was arrested, was in the justice court and pleaded guilty to the charge there made against him and was fined and paid the fine. The state did not show that the judgment of the justice of the peace was collusively obtained, or that it was fraudulent for any reason.

*Flowers, Fletcher & Whitfield* and *Stephens & Kennedy,* for appellant.

The state's instruction proceeds upon the theory that a conviction is void unless subpoenas have been issued for witnesses. The instruction does not hint at fraud or collusion; it does not submit any question of fraud or collusion to the jury. It stands baldly upon the solitary proposition that in any criminal case before a justice of the peace, the whole proceeding is void unless subpoenas have been issued for witnesses.

We cannot think this view is sound. It is true that Code 1906, § 2750 provides that a justice upon the filing of an affidavit charging crime shall issue a warrant and also issue subpoenas for witnesses, but it is, to our mind, an astonishing proposition that a failure to subpoena witnesses deprives the court of jurisdiction. Suppose there are no absent witnesses. And, indeed, what is the need of witnesses, when the person for trial is ready to plead guilty? The learned assistant attorney general argues that because the statute directs the justice to issue subpoenas for witnesses, this becomes a jurisdictional prerequisite as much so as the filing of an affidavit charging crime. The fallacy of this contention is self evident. The filing of the affidavit is the beginning of the prosecution. Until this is done there is no case in court. But process for witnesses is but a step in the progress of the trial. It may or may not be necessary. In the case at bar, where the defendant wanted to plead

guilty, there was no necessity for witnesses. They could not have been used had they been subpoenaed.

*James R. McDowell,* assistant attorney general, for appellee.

The state's instruction is based, of course, on section 2750, Code 1906, and the provisions of this section are mandatory, and should be strictly observed by justices of the peace trying criminal offenses. Our court has held that it is necessary that an affidavit be made out charging an offense, before the justice of the peace can act. Now, can it be said that any other provision of this section can be omitted? The magistrate in this case was careful to have the offender arrested, even if he had to specially deputize a man to do it. He did not inquire into the crime. He did not question the man who made the affidavit. He did not question the defendant. It may be, so far as is shown by the record, that he never knew what the offense was. He simply permitted him to enter a plea of guilty and fined him one dollar and costs.

The affidavit before the justice of the peace charges no offense. The wording of this affidavit is that the defendant "did commit an assault and battery." No offense is charged. The affidavit states a legal conclusion.

Argued orally by *R. V. Fletcher,* for appellant, and by *Jas. R. McDowell,* assistant attorney general, for appellee.

Whitfield, C.

The charge given for the state is as follows: "The court instructs the jury for the state that, where an affidavit of the commission of any crime of which he has jurisdiction is lodged with a justice of the peace, the law requires that such justice shall issue a warrant for arrest of such offender, returnable forthwith or on a day certain, to be named, and shall issue subpoenas for

---

---

witnesses, and shall try and dispose of the case according to law. And if the jury believe from the evidence beyond all reasonable doubt that the justice of the peace did not issue subpoenas for witnesses, but permitted a plea of guilty to be entered before this was done, then the judgment of the court was void and of no effect."

This charge is palpably and fatally erroneous. So far as the affidavit was concerned, it was at most defective, was easily amendable, and hence the plea of former jeopardy was available, and on this record should have been sustained. See *Ex parte Grubbs,* 79 Miss. 358, 30 South. 708; 12 Cyc. 76, par. 1.

PER CURIAM. The above is adopted as the opinion of the court, and for the reasons set out therein the judgment is reversed, and the prisoner discharged.

*Reversed.*