SAUNDERS *v.* STATE.*

(Division A.   Dec. 5, 1927.)

[114 So. 747.   No. 26627.]

1. HOMICIDE.   *Attempt to commit murder is common-law misdemeanor.*
   An attempt to commit murder is a misdemeanor at common-law.

2. HOMICIDE.   *Indictment for assault with intent to kill and murder, failing to specify overt act, held insufficient to sustain conviction for felony (Hemingway's Code 1927, section 807).*
   Indictment for assault with intent to kill and murder, failing to specify alleged overt act evidencing attempt to assault another with deadly weapon or other means or force likely to produce death, *held* insufficient to sustain conviction for felony under Hemingway's Code 1927, section 807 (Code 1906, section 1043).

*Corpus Juris-Cyc. References: Homicide, 30CJ, p. 16, n. 54, 56; p. 127, n. 42. Overt act together with intent essential to constitute attempt to commit crime, see 8 R. C. L. 279; 2 R. C. L. Supp. 588; 4 R. C. L. Supp. 544; 5 R. C. L. Supp. 463; 6 R. C. L. Supp. 498.

Appeal from circuit court of Warren county.

Hon. E. L. Brien, Judge.

George Saunders was convicted for assault with intent to kill and murder, and he appeals. Reversed and remanded.

*Jas. D. Thames, Jr.,* for appellant.

This indictment is fatally defective and is therefore invalid and void, in that it fails to charge that the assault was made upon Mr. Collins with a deadly weapon or some means or force likely to produce death, describing said means or force, or with any weapon at all. *Williams* v. *State,* 42 Miss. 328; *Ainsworth* v. *State,* 5 How. 242.; *Ike* v. *State,* 26 Miss. 525; *Riggs* v. *State,* 26 Miss. 51; *State* v. *M'cFadden,* 274 S. W. 354; 5 C. J., p. 768, sec. 283.

*Harry K. Murray,* also for appellant.

The appellant cites *Clark* v. *State,* 74 So. 127.

*J. A. Lauderdale,* Assistant Attorney-General, for appellee.

In *Acers* v. *United States,* 41 L. Ed. 481, the supreme court of the United States defined a deadly weapon as follows: "A weapon with which death may be easily and readily produced; anything, no matter what it is, whether it is made for the purpose of destroying animal life, or whether it was not made by man at all, or whether it was made by him for some other purpose, if it is a weapon, or if it is a thing with which death can be easily and readily produced, the law recognizes it as a deadly weapon. We see nothing in this definition to which any reasonable exception can be taken."

"A deadly weapon is not one which must kill or that may kill, but is one which would likely produce death or

great bodily harm, used by the defendant in the manner in which it was used." State v. Sinclair, 27 S. E. 77; State v. Archbell, 51 S. E. 801; Williamson v. State, 111 So. 124; People v. Benson, 152 N. E. 514; Brimhall v. State, 255 Pac. 165.

SMITH, C. J., delivered the opinion of the court.

The appellant was convicted on an indictment alleging that he, "upon one L. R. Collins, feloniously did make an assault, and then and there did attempt, by means of said assault on the said L. R. Collins, feloniously, willfully, and of his malice aforethought, to kill and murder the said Collins," and was sentenced to a term in the penitentiary.

One of the assignments of error challenges the sufficiency of this indictment to sustain a conviction for a felony. An attempt to commit murder is a misdemeanor at common law (30 C. J., p. 16; Traube v. State, 56 Miss. 153; Ex parte Burden, 92 Miss. 14, 45 So. 1, 131 Am. St. Rep. 511), but, by section 1043, Code of 1906 (section 807, Hemingway's 1927 Code), it is raised to a felony when the overt act evidencing the attempt is an "assault . . . upon another with any deadly weapon or other means or force likely to produce death . . . in the attempt to commit any murder," and such overt act must be specifically alleged in the indictment, otherwise the felony defined by the statute is not charged therein (Ainsworth v. State, 5 How. 242; Williams v. State, 42 Miss. 328). The trial and the punishment of the appellant for the felony defined by the statute was erroneous.

We do not pass upon the sufficiency of the evidence.

*Reversed and remanded.*