IN RE THOMAS JONES.

[FILED OCTOBER 26, 1892.]

Criminal Law : COMMITMENT TO REFORM SCHOOL: JURISDICTION OF COURT TO VACATE ORDER AND RESENTENCE PRISONER. The petitioner, on pleading guilty to an information charging him with the crime of burglary, was sentenced to the state in-

dustrial school, as under the age of eighteen years, and was committed under said judgment to said institution. Shortly thereafter, and during the same term, the court sentencing him vacated and set aside said judgment, on the ground of mistake as to petitioner's age, and sentenced him again on the same information and plea of guilty, to be imprisoned in the penitentiary for the term of four years. *Held*, That the court had no jurisdiction to vacate the original judgment, or to pronounce the second sentence, and that the last sentence was a nullity.

ORIGINAL application for writ of *habeas corpus*.

*Walter A. Leese*, for petitioner:

A sentence takes effect from the day it is pronounced (*In re Fuller*, 34 Neb., 581), and a subsequent sentence fixing a different term is a nullity. (*People v. Messervey*, 76 Mich., 223; *People v. Kelley*, 44 N. W. Rep. [Mich.], 615; *Ex parte Lange*, 18 Wall. [U. S.], 163; *Brown v. Rice*, 57 Me., 55; *In re Mason*, 8 Mich., 70; *Sennott v. Swan*, 16 N. E. Rep. [Mass.], 451; *People v. Liscomb*, 60 N. Y., 559; *People v. Jacobs*, 66 N. Y., 8.)

*George H. Hastings, Attorney General*, for the state.

NORVAL, J.

This is an application by the above named petitioner for a writ of *habeas corpus* against James P. Mallon, warden of the state penitentiary.

It appears that on the 18th day of April, 1890, the petitioner pleaded guilty in the Otoe county district court to an information charging him with the crime of burglary, and, on the same day, was sentenced to the state industrial school, at Kearney, as under the age of eighteen years. He was duly committed to said industrial school, in pursuance of said sentence, on the 28th day of April, 1890, where he was kept and confined until the 15th day of the following month.

On the 10th day of May, 1890, the district court of Otoe

county, on motion of the county attorney supported by affidavit, and in the absence and without the knowledge or consent of the petitioner, vacated and set aside the said sentence on the ground that the petitioner, at the time of the commission of the offense, was over the age of eighteen years, and the sheriff of said county was ordered and directed to proceed to said industrial school, receipt for and receive said petitioner and have his body before said court on the 17th day of said month.   Pursuant to said order and judgment the petitioner was brought from said industrial school into said court on the 17th day of May, 1890, when the court again sentenced him, on the same information and plea of guilty, to be imprisoned in the state penitentiary, at hard labor, Sundays and legal holidays excepted, for the term of four years.   Under this last sentence the petitioner has been confined in the penitentiary since May 31, 1890. Both sentences were pronounced at the same term of court.

The question presented by the record before us is, Did the district court have the power or jurisdiction to vacate and set aside the first sentence, at the same term of court at which it was rendered, but after relator had suffered part of the punishment thereby imposed, and pronounce a second sentence in the same case?   If the entry of the last judgment was a mere error, which would subject it to reversal by this court upon a petition in error, then the petitioner is not entitled to his discharge upon this proceeding, for it is firmly settled in this state that *habeas corpus* is not a proper proceeding to review a judgment in a criminal case.

By section 5, chapter 75, Compiled Statutes, authority is conferred upon a court of record of this state to commit any minor, under the age of eighteen years, to the state industrial school, who has been found guilty in such court of any crime except murder or manslaughter committed under the age of sixteen years.   This court has decided that the question of the age of the accused is one of fact to be decided by the trial court, and its finding can be re-

viewed only in appellate proceedings. The record dis-
closes that the district court, by the judgment first entered,
found that Thomas Jones was a minor of the age required
by law for confinement in the industrial school. Although
the petitioner was over the age of eighteen years, the first
sentence was not for that reason void, it was merely erro-
neous. The sentence and the commitment thereunder to the
industrial school being legal, did the court have jurisdic-
tion to sentence the petitioner to the penitentiary after he
had undergone a part of the punishment under the first
judgment? The answer must be in the negative. While
a district court has ample authority to correct a judgment
in a criminal case at the term of court at which it is ren-
dered, or a subsequent term, to make the same conform to
the one actually pronounced, it has no jurisdiction to va-
cate a judgment in a criminal case after the same has gone
into effect by commitment of the defendant under it, and
substitute for it another sentence at the same term of court.
The power of a court to revise or change a judgment, even
in a civil case, is at an end after the same is in process of
execution. The last sentence was illegally imposed, and
its enforcement is without authority of law. To sustain
the second judgment would be to hold that a person can be
twice punished by judicial proceedings for the same offense.
The fundamental law of the state as well as that of the
United States, forbids that one shall be put twice in jeo-
pardy for the same act. (*In re Mason*, 8 Mich., 70; *Brown
v. Rice*, 57 Me., 55; *State v. Cannon*, 5 Criminal L. Mag.,
387; *People v. Whitson*, 74 Ill., 20; *Com. v. Weymouth*,
2 Allen [Mass.], 147; *People v. Liscomb*, 60 N. Y., 559;
*People v. Jacobs*, 66 N. Y., 8; *Ex parte Lange*, 18 Wall.
[U. S.], 163; *People v. Meservey*, 76 Mich., 223; *People v.
Kelley*, 44 N. W. Rep. [Mich.], 615.)

The power of a court to revise, vacate, or modify a judg-
ment in a criminal case, or substitute another for the origi-
nal judgment is exceedingly doubtful in this state, since we

have held that a sentence dates from the day it was pronounced, but as the first sentence in this case had actually gone into effect by commitment under it, the question does not necessarily arise on this record.

*In re Mason, supra,* the petitioner was convicted of larceny and sentenced to the state reform school of Michigan, as under sixteen years of age. At the time of his sentence he was in fact, of the age of twenty years. After he had been committed to the reform school, the court sentencing him ordered him brought back from that institution that his age might be inquired into and ascertained, for the purpose of determining whether he should not be sentenced to the penitentiary. In pursuance of said order the petitioner was removed from the reform school and committed to the jail of the county, to await the action of the court. On an application for his discharge by *habeas corpus,* the supreme court of that state say: "A prisoner having been sentenced and committed to the reform school, as under sixteen years of age, the court sentencing him cannot, on the ground of mistake as to the prisoner's age, proceed to give a new sentence. The sentence is not made void by such mistake."

In *Brown v. Rice, supra,* the prisoner had been legally convicted and sentenced to imprisonment in the county jail for six months. After serving nineteen days of his sentence, he was recalled into court and sentenced on the same indictment and conviction to be imprisoned in the state prison for the period of three years. It was held that the court had no power to recall him from jail and impose another sentence. The other authorities above cited are equally in point.

The first sentence being legal, we would remand the petitioner to the state industrial school, were it not for the fact that he is now over the age of twenty-one years, and his sentence has therefore expired. It follows that the petitioner must be discharged.

WRIT ALLOWED.

THE other judges concur.