## IN RE JOHN FANTON.

FILED SEPTEMBER 23, 1898.   No. 10067.

1. **Habeas Corpus:** REVIEW OF ERRORS. On an application for a writ
of habeas corpus, errors or irregularities in the criminal trial,
not jurisdictional, will not be considered.

2. ——: ——: EXCESSIVE SENTENCE. Habeas corpus will not lie
on behalf of a convicted prisoner on the ground that the sen-
tence to imprisonment is in excess of the statutory period, since
such a sentence is erroneous merely, and not void.

ORIGINAL application for writ of habeas corpus. *Writ
denied.*

The opinion contains a statement of the case.

*R. R. Dickson* and *George A. Day*, for petitioner:

The legislative enactment under which petitioner was
convicted and sentenced is void. The trial court was

therefore without jurisdiction, and habeas corpus is the proper remedy to obtain petitioner's liberty. (*Ex parte Rosenblatt*, 14 Pac. Rep. [Nev.] 298; *Ex parte Siebold*, 100 U. S. 377; 1 Black, Judgments sec. 257; *Van Horn v. State*, 46 Neb. 62; *Marbury v. Madison*, 1 Cranch [U. S.] 137; *In re Havlik*, 45 Neb. 747; *Ex parte Fisher*, 6 Neb. 309; *In re Betts*, 36 Neb. 283; *State v. Crinklaw*, 40 Neb. 759.)

The sentence of the court being in excess of the maximum period fixed by statute is void. (*In re McVey*, 50 Neb. 481; *Ex parte Kearny*, 55 Cal. 229; *Ex parte Lange*, 18 Wall. [U. S.] 163; *Elliot v. Piersol*, 1 Pet. [U. S.] 340.)

*C. J. Smyth, Attorney General,* and *Ed P. Smith, Deputy Attorney General,* for the state.

NORVAL, J.

An information was filed in the district court of Holt county, charging "that one John Fanton, late of the county aforesaid, on the 20th day of December, 1895, in the county of Holt and state of Nebraska aforesaid, the said John Fanton then and there being, did unlawfully and feloniously steal, take, and drive away eighteen (18) head of mixed cattle, described as follows: * * * All of said cattle being of the value of $300, and the personal property of one Timothy Cross; contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state of Nebraska." A trial was had thereunder, the accused was found guilty as charged in the information, the value of the property stolen was fixed by the jury at $300, and a sentence of eight years' imprisonment in the penitentiary was imposed by the court. Error proceeding was prosecuted to this court, which resulted in the affirmance of the judgment and sentence below. (*Fanton v. State*, 50 Neb. 351.) Afterward this application was made for his discharge from imprisonment upon a writ of habeas corpus.

It is insisted that the petitioner was prosecuted under chapter 77, Session Laws 1895 (Criminal Code, sec. 117a), and that his conviction is illegal and void, because said chapter failed to pass both branches of the state legislature. The chapter assailed purports to make cattle stealing a distinctive crime; and whether such legislation was adopted in the constitutional mode it is unnecessary to now determine, since it will be observed that the information under which the conviction was obtained alleged every ingredient of the crime of grand larceny, as defined by section 114 of the Criminal Code. The district court having jurisdiction of the crime charged, as well as over the person of the petitioner, its judgment and sentence are not void. (*In re Ream*, 54 Neb. 667.)

The maximum sentence authorized to be imposed by section 114 of the Criminal Code upon a conviction of grand larceny is seven years' imprisonment, while the petitioner was adjudged to be confined in the penitentiary for the term of eight years. It is argued that the sentence of the court being in excess of the maximum limit authorized by law is void. The soundness of this contention depends upon the fact whether or not the defect indicated constituted an error or irregularity merely, since it is firmly established in this state that habeas corpus is not the appropriate proceeding to review mere errors and irregularities in a judgment of an inferior court in a criminal case. The writ of habeas corpus cannot operate as a proceeding in error. (*Ex parte Fisher*, 6 Neb. 309; *In re Balcom*, 12 Neb. 316; *Buchanan v. Mallalieu*, 25 Neb. 201; *In re Betts*, 36 Neb. 282; *State v. Crinklaw*, 40 Neb. 759; *In re McVey*, 50 Neb. 481; *In re Ream*, 54 Neb. 667.) If a person is restrained of his liberty by virtue of an absolutely void judgment, he may be discharged on habeas corpus. To obtain release by such a proceeding, the judgment or sentence must be more than merely erroneous; it must be an absolute nullity. (*In re Havlik*, 45 Neb. 747.)

Mr. Church in his valuable treatise on Habeas Corpus

states: "The general rule is that when a court has juris-diction by law of the offense charged, and of the party who is so charged, its judgments are not nullities. It is only when the court pronounces a judgment in a criminal case which is not authorized by law, under any circum-stances, in the particular case made by the pleadings, whether the trial has proceeded regularly or otherwise, that such judgment can be said to be void so as to justify the discharge of the defendant held in custody by such judgment. Thus a judgment of conviction is not void because of the failure to inform the accused of his right to an appeal or because of the fact that there were gross irregularities committed during the trial, in the im-paneling of the jury, in the introduction of evidence, and in the rendition of the verdict, or because an excessive punishment has been imposed—except as to the excess." (Church, Habeas Corpus sec. 370.) And at section 373 the same author uses this language: "The prevailing rule is that an excessive sentence is merely erroneous and void-able; that the whole sentence is not illegal and void be-cause of the excess; that it is not void *ab initio*; and that it is good on habeas corpus so far as the power of the court extends, and invalid only as to the excess." Nu-merous decisions are cited by the author which fully sus-tain the doctrine announced in the foregoing excerpts. The following are in point: *People v. Liscomb*, 60 N. Y. 559; *People v. Jacobs*, 66 N. Y. 8; *People v. Baker*, 89 N. Y. 460; *Ex parte Henshaw*, 73 Cal. 486; *In re Graham*, 138 U. S. 461; *In re Crandall*, 34 Wis. 177; *In re Graham*, 74 Wis. 450; 76 Wis. 366; *In re Pikulik*, 81 Wis. 158; *Ex parte Mooney*, 26 W. Va. 36; *Feeley's Case*, 12 Cush. [Mass.] 598; *Ex parte Crenshaw*, 80 Mo. 447; *People v. Markham*, 7 Cal. 208; *Ex parte Shaw*, 7 O. S. 81; *Ex parte Van Hagan*, 25 O. S. 427. A judgment imposing sentence to imprisonment for a longer period than authorized by statute is not void for want of jurisdiction, but errone-ous merely. It is the excessive portion of the sentence alone that is invalid, and relief cannot be had therefrom

upon habeas corpus until the valid portion has been served.

In *Re Graham* and in *Re McDonald*, 74 Wis. 451, the petitioners were convicted of a felonious assault and robbery, and sentenced to the penitentiary for the term of thirteen years each, while the maximum punishment allowed by statute for that crime was ten years. They applied for a writ of habeas corpus on the ground of excessive sentences. The writ was denied, the court through Cole, C. J., saying: "We deny the writs for the reason that the error in the judgments does not render them void, or the imprisonment under them illegal, in that sense which entitles them to be discharged on a writ of habeas corpus. The judgments are doubtless erroneous, and would be reversed on a writ of error (*Fitzgerald v. State*, 4 Wis. 412; *Haney v. State*, 5 Wis. 529; *Benedict v. State*, 12 Wis. 314; *Peglow v. State*, 12 Wis. 595.); but the judgments are not void. (*State v. Sloan*, 65 Wis. 647.) The court had jurisdiction of the persons and subject-matter or offense, but made a mistake in the judgment. For mere error, no matter how flagrant, the remedy is not by habeas corpus. The law is well settled in this court that on habeas corpus only jurisdictional defects are inquired into. The writ does not raise questions of errors in law, or irregularity in the proceedings."

*Ex parte Van Hagan*, 25 O. St. 426, was an application for discharge on habeas corpus, where an excessive sentence was imposed. The court say: "The punishment inflicted by the sentence, in excess of that prescribed by the law in force, was erroneous and voidable, but not absolutely void. It follows that a writ of error to reverse the proceedings or sentence is the remedy that the relator should have resorted to in order to obtain a discharge from illegal imprisonment, and not habeas corpus, which is not the proper mode of redress where the relator was convicted of a criminal offense, and erroneously sentenced to excessive imprisonment therefor by a court of competent jurisdiction. *Ex parte Shaw*, 7 O. St. 81, approved and followed on this point."

The defect in the sentence imposed on John Fanton was not jurisdictional, but merely erroneous, since the district court acquired jurisdiction over his person and of the subject-matter, and the judgment rendered was of the kind authorized by the statute. *In re McVey*, 50 Neb. 481, is not in conflict with the conclusion reached herein, although there is to be found in the report of that case language apparently opposed to the doctrine announced in the case at bar. In the *McVey Case* it was asserted that the court must possess jurisdiction to impose the particular sentence adjudged, else the same will be void. When that thought was expressed the court did not have in mind, or under consideration, a sentence inflicted in excess of the limit authorized by the legislature. There the petitioner had been found guilty of the statutory offense of breaking and entering a building in the daytime, while the information under which he was tried did not charge him with having committed that crime, but did charge a burglary committed in the night-season. He was prosecuted for one offense, and convicted for another, so that the court did not have jurisdiction of the subject-matter, or of the power to impose that particular sentence at that time in that case, and the sentence was void. If, upon a conviction for burglary, the court should sentence the accused to be hanged, the judgment would be void for want of jurisdiction of the court to impose a sentence of that kind in that case. But it would be otherwise if the court should adjudge an imprisonment in the penitentiary for a longer period than fixed by statute for the crime of burglary. In the latter case the sentence would be erroneous merely, but not void. In the one case the court had no jurisdiction to impose that particular kind of a sentence upon conviction of burglary, while in the other the statutory kind of punishment was meted out, although the time of imprisonment exceeded the statutory bounds. A sentence of a different character than that authorized by law to be imposed for the crime of which the accused has been found guilty is void, while

a sentence which imposes the statutory kind of punishment is not absolutely void, although excessive. In the former case the entire punishment is invalid, while as to the latter the excessive portion is alone erroneous, and not void in such a sense as to be available on habeas corpus, at least until after the valid portion of the judgment has been executed. The writ is

DENIED.