IN RE APPLICATION OF ALSON B. COLE.
ALSON B. COLE, APPELLANT, V. WILLIAM T. FENTON, WAR-
DEN, APPELLEE.

FILED OCTOBER 18, 1919.   No. 21206.

1. **Criminal Law**: INFORMATION: HOMICIDE: PLEA OF GUILTY: DETER-
MINATION OF DEGREE.   When a defendant pleads guilty to an in-
formation charging murder in the first degree, he is not required,
nor even allowed, himself, to determine the degree of the crime;
under such an information he might be convicted of murder of ei-
ther degree or of manslaughter.   The court should determine from
the evidence the degree of the crime.

2. ———: HOMICIDE: PUNISHMENT.   The determination of the degree
of the crime does not necessarily involve the determination of the
punishment for the crime when the degree has been determined.

3. ———: JOINT INFORMATION: PLEA OF GUILTY: PROCEDURE.   When
one of two defendants jointly charged with murder enters a plea
of guilty, even if it is entered in the progress of the trial, and
there had been no request for separate trials, the practice regularly
would be to proceed with the trial as to the defendant not pleading
guilty separately, and not take the evidence as to the degree of
the crime of the defendant pleading guilty in and as a part of
the trial of the other defendant.

4. ———: ———: ———: EVIDENCE: WAIVER.   In such case, if neither
defendant asks for such separation, and the evidence against both
is taken together, the parties so consenting to that manner of
procedure cannot afterwards contend that for that reason the judg-
ment finally rendered is absolutely void.

5. ————: PLEA OF GUILTY: ERROR AFTER PLEA: REMAND. Upon proceedings in error in a criminal case, if prejudicial errors have occurred only after the defendant's guilt has been determined, the judgment will be found to be erroneous, and will be reversed and the cause remanded for correct proceedings subsequent to the determination of the defendant's guilt.

6. Habeas Corpus: VALID CONVICTION: UNAUTHORIZED JUDGMENT: PROCEDURE. If upon a valid conviction of guilt the court renders a judgment unauthorized by law, and the defendant is being imprisoned under such void judgment, he may be released from such imprisonment by a writ of habeas corpus, but in such case he will not be discharged from custody if it appears that he is charged with a crime in a valid information.

7. ————: PURPOSE OF WRIT. The writ of habeas corpus is not a writ for the correction of errors, and will not be allowed to be used for that purpose.

8. ————: ERRORS: CORRECTION. If the proceedings subsequent to conviction are erroneous, such errors can be reviewed and corrected by proceedings in error in the regular course of the law, but not by the writ of habeas corpus.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Affirmed.*

*J. M. Priest,* for appellant.

*Clarence A. Davis, Attorney General,* and *George W. Ayres, contra.*

SEDGWICK, J.

This appellant was convicted of murder in the first degree in the district court for Howard county and sentenced to death, and afterwards brought this petition in the district court for Lancaster county for a writ of habeas corpus. The application for the writ was overruled, and he has appealed to this court.

The petitioner first entered a plea of not guilty to the information against him, and after the jury had been impaneled and the trial had begun, he withdrew his plea of not guilty and entered a plea of guilty. The information charged both himself and one Grammer with the crime of murder, the petitioner as the principal and Grammer as accessory before the fact. The

trial began as against them both jointly, and after the petitioner had changed his plea to guilty, the trial continued as against them both jointly, without objection on the part of either defendant. When the evidence was introduced as tending to show the degree of the petitioner's guilt, the court informed the jury that they must not consider such evidence as evidence against the defendant Grammer, and so the trial proceeded. The court submitted the question to the jury as to the punishment to be inflicted. The jury found that his punishment should be death, and the court entered judgment against him accordingly.

The General Statutes of 1873, p. 720, defined the crime of murder in the first degree, as follows: "If any person shall purposely, and of deliberate and premeditated malice, or in the perpetration, or attempt to perpetrate any rape, arson, robbery, or burglary, or by administering poison or causing the same to be done, kill another; or, if any person, by wilful and corrupt perjury, or by subornation of the same, shall purposely procure the conviction and execution of any innocent person; every person so offending shall be deemed guilty of murder in the first degree, and, upon conviction thereof, shall suffer death." This was amended in 1893 (Laws 1893, ch. 44, Rev. St. 1913, sec. 8581) by adding the words, "or shall be imprisoned in the penitentiary during life, in the discretion of the jury." But section 489 of the Criminal Code (Gen. St. 1873, p. 830), as follows: "That in all trials for murder, the jury, before whom such trial is had, if they find the prisoner guilty thereof, shall ascertain in their verdict, whether it be murder in the first or second degree, or manslaughter; and if such person be convicted by confession, in open court, the court shall proceed by examination of witnesses, in open court, to determine the degree of the crime, and shall pronounce sentence accordingly"—was not changed, and is now section 9130, Rev. St. 1913. The words added to the section defining the crime of murder, "or shall be

imprisoned in the penitentiary during life, in the discretion of the jury," assume that, even in murder of the first degree, the circumstances may be such that the death penalty should not be inflicted, and this is the only authority in our law for substituting imprisonment for life for the death penalty. The duty of the court to determine the degree of the crime if the conviction is "by confession, in open court," has not been changed, and it is argued that the lawmakers intended that the court should also in such case determine whether the convict "shall suffer death or shall be imprisoned in the penitentiary during life," by the words, "and shall pronounce sentence accordingly," which were left unchanged when the new provision as to punishment for first degree murder was introduced into our law in 1893; that is, that the court should have determined, not only the degree of the crime, but also the penalty, instead of submitting that question to the jury, and that the judgment of conviction against the petitioner was therefore void. The provisions of the statute are not as clear as they might be in such case. When a defendant pleads guilty to an information charging murder in the first degree, he is not required, nor even allowed, himself, to determine the degree of the crime, since under such an information he might be convicted of murder of either degree or of manslaughter. The provision, then, that the court upon conviction by confession should determine from the evidence the degree of the crime was appropriate and necessary. It seems to be contended that to determine the degree of the crime involved the determination of the punishment for the crime when the degree has been determined, but this is a mistake. The two matters are entirely distinct; and, while one might expect that when upon a plea of guilty the court determines the degree of the crime, the court might also be required to determine the punishment, still the degree of the crime might be fixed by the court, and the question of the punishment, whether by death or life imprisonment, be submitted to the jury.

If the attention of the legislature is called to the inconsistencies of these statutes, undoubtedly the law will be so written as to make its application definite and plain in all cases.

When one of two defendants jointly charged with murder enters a plea of guilty, even if it is entered in the progress of the trial, and there had been no request for separate trials, the practice regularly would be to proceed with the trial as to the defendant not pleading guilty separately, and not take the evidence as to the degree of the crime of the defendant pleading guilty in and as a part of the trial of the other defendant. But if neither defendant asks for such separation, and the evidence against both is taken together, the parties so consenting to that manner of procedure cannot afterwards contend that for that reason the judgment finally rendered is absolutely void. The fact that that evidence was taken in connection with the trial of the other defendant such practice not having been objected to by either party will not render the judgment void. If it should be thought to be so irregular as to amount to prejudicial error, the error would be corrected in the ordinary proceedings in error for that purpose. If the court is without jurisdiction to render the judgment, and the defendant is being imprisoned under such void judgment, he may be released from such imprisonment by a writ of habeas corpus, but in such case if he has been ''properly informed against by information or indictment charging a crime before a court of competent jurisdiction, on a habeas corpus proceeding he should be discharged from his confinement on the illegal commitment, and remanded to the custody of the court having jurisdiction of the information or indictment pending against him.'' *Michaelson v. Beemer,* 72 Neb. 761. The petitioner was not being punished under this conviction, he was being held only for safe keeping upon conviction of a crime not bailable. His confinement was, therefore, not illegal.

A writ of habeas corpus is not a writ for the correction of errors and will not be allowed to be used for that purpose. *Michaelson v. Beemer,* 72 Neb. 761. If for any reason the court is without jurisdiction to try and determine the guilt of defendant, a judgment of conviction will be void; but, if prejudicial errors have occurred only after the defendant's guilt has been determined, the judgment will be found to be erroneous, and will be reversed and the cause remanded for correct proceedings subsequent to the determination of the defendant's guilt. *McCormick v. State,* 66 Neb. 337, 71 Neb. 505.

In this application for the writ of habeas corpus, the proceedings prior to his conviction are not complained of, and if the proceedings subsequent to conviction were erroneous, his remedy was by petition in error, so that the whole record of his trial would be brought before the court and all errors corrected, and a proper trial awarded. He is not entitled to discharge upon the writ of habeas corpus. The decision of the district court refusing to discharge the petitioner from custody upon his application is right, and is

AFFIRMED.

The following opinion on motion for rehearing was filed November 21, 1919. *Rehearing denied.*

PER CURIAM.

The petitioner for a writ of habeas corpus had filed a very earnest brief upon his motion for a rehearing of our former decision, *ante,* p. 802. In his petition for the writ he alleged that he was tried in the district court for Howard county; that he pleaded guilty to the charge of murder in the first degree, and was sentenced thereon. His petition contains some of the records of the proceedings, from which it appears that he was tried with one Grammer. In the hearing upon this application in the district court, there was a stipulation of facts by the parties, from which it appeared that

this petitioner was tried with Allen Vincent Grammer. The stipulation recited a part, but not all, of the instructions of the court in that case; and that a "copy of the evidence offered and received on behalf of the petitioner is hereby made from the original transcript, on file in the office of the clerk of the supreme court of Nebraska." But the transcript in this case does not contain the evidence embraced in the original transcript in the case against Grammer and Cole, which evidence was referred to and partly quoted in our opinion in that case. *Grammer v. State, ante,* p. 325. When a defendant is convicted and sentenced in a court of competent jurisdiction, habeas corpus is not available for the correction of errors in the proceedings. If for some reason the court in the particular case is without jurisdiction, the petitioner must make that appear. All presumptions are in favor of the jurisdiction of the court. The petitioner now seems to argue that he can allege that the trial court lost its jurisdiction because of the manner in which it was tried and for lack of particular evidence, and so be discharged from custody without showing to the court upon his application for habeas corpus what the evidence was in the trial of Grammar and Cole. As he has identified that case as the case in which he was tried, and has quoted a part of the record in that case, which is one of the records of this court, we referred in our opinion to some of the facts contained in that record as illustrating the fact that the applicant for this writ had not offered sufficient facts from the record of his conviction to enable the court to determine whether the trial court was without jurisdiction to pronounce the judgment against him.

The motion for rehearing is

OVERRULED.