WILLIAM DRAWBRIDGE V. STATE OF NEBRASKA.

FILED APRIL 26, 1927.    No. 25346.

1. Intoxicating Liquors: INFORMATION CHARGING SALE: CONVICTION: PENALTY. An information, which in due form charged, omitting formal parts, that the accused, on a day certain, "wilfully, knowingly, unlawfully and feloniously did sell intoxicating liquor to one Jack Moyer," charges an offense under section 3238, Comp. St. 1922, and a person convicted on such information is punishable under the provisions of section 3288, Comp. St. 1922, to which may·be added, in case a jail sentence is imposed, conditions prescribed in section 10169, Comp. St. 1922.

2. Criminal Law: INSTRUCTIONS: FALSUS IN UNO, FALSUS IN OMNIBUS. "Where the condition of the testimony is such as to justify and require the giving of an instruction, based upon the maxim 'Falsus in uno, falsus in omnibus,' the court should give it. Such an instruction is, however, not required in all cases, but only where, from the evidence, the jury may be justified in believing that a witness has wilfully and corruptly· testified to a falsehood, and, further, where the same witness has testified as to some other material issue in the case than that upon which he is directly impeached." *Markiewicz v. State,* 109 Neb. 514.

3. ———: ———: DUTY OF COMPLAINANT. "Where a defendant predicates error on the refusal of the court to give such an instruction, it is incumbent upon him to specifically point out that there is such a peculiar condition in the record ·as to warrant the instruction, and to designate to what material testimony he believes the maxim should have been applied." *Markiewicz v. State,* 109 Neb. 514.

4. Limitation on Use of Word·"Exclusively" in Syllabus of Former Case. The use of the word "exclusively" in paragraph 5 of the syllabus of *Knothe v. State, ante,* p. 119, was intended to draw attention to the fact that the provisions of section 3288, prescribing punishment, should be applied in contradistinction to

those in chapter 106, Laws 1925, and not as a limitation on
other provisions of the statute.

5. **Criminal Law:** VOID SENTENCE. Where a sentence of the court
is void as being in excess of its power, the judgment may be
set aside and the cause remanded to the district court to impose
a sentence authorized by law.

ERROR to the district court for Platte county: LOUIS
LIGHTNER, JUDGE. *Reversed, with directions.*

*Garlow & Long,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Harry Silverman,*
contra.

Heard before GOSS, C. J., ROSE, DAY, GOOD, THOMPSON
and EBERLY, JJ.

DAY, J.

William Drawbridge, defendant, was placed on trial upon
an information which in due form, in two counts, charged
him with selling intoxicating liquor to one Jack Moyer. The
first count charged the offense to have been committed on
May 10, 1925, and the second count on May 11, 1925. The
jury returned a verdict of guilty on the first count, and
not guilty on the second count, whereupon the court sen-
tenced defendant to pay a fine of $100 and to be committed
to the county jail at hard labor for a period of 90 days.
Alleging there was error on the trial, the defendant has
brought the record of his conviction to this court for re-
view.

It is first urged by defendant that the court erred in
refusing to give an instruction, tendered by him, based
upon the maxim, *"Falsus in uno, falsus in omnibus."* The
form of the instruction is not questioned, but it is contended
by the state that the facts did not present such a situation
as to require it to be given. The only basis for the instruc-
tion lies in the fact of a direct conflict in the testimony
of the prosecuting witness and the defendant. The pros-
ecuting witness, who was employed by the state to secure

evidence in this class of cases, testified that, on May 10 and 11, he purchased liquor from defendant. This fact was denied by defendant, in which he was corroborated by other witnesses. In the comparatively recent case of *Markiewicz v. State*, 109 Neb. 514, a similar question was presented and it was held: "Where the condition of the testimony is such as to justify and require the giving of an instruction, based upon the maxim *'Falsus in uno, falsus in omnibus,'* the court should give it. Such an instruction is, however, not required in all cases, but only where, from the evidence, the jury may be justified in believing that a witness has wilfully and corruptly testified to a falsehood, and, further, where the same witness has testified as to some other material issue in the case than that upon which he is directly impeached." Also: "Where a defendant predicates error on the refusal of the court to give such an instruction, it is incumbent upon him to specifically point out that there is such a peculiar condition in the record as to warrant the instruction, and to designate to what material testimony he believes the maxim should have been applied." We consider this case authority to sustain the ruling of the trial court.

The court gave the usual instruction as to the right and power of the jury in weighing the testimony, and that they were the sole judges of the credibility of the witnesses. The court also gave cautionary instructions warning the jury to exercise a greater care in weighing the testimony of persons who are employed to find evidence against the accused, because of the natural and unavoidable tendency of such persons to construe everything as evidence against the accused. This instruction clearly referred to the prosecuting witness, as he was employed by the state to collect evidence in this class of cases and the only witness who testified as to the sale.

It is next urged by the defendant that the judgment is contrary to law. The information, omitting formal parts, charged that the accused, on a day certain, "wilfully, know-

ingly, unlawfully and feloniously did sell intoxicating liquor to one Jack Moyer." This information, upon the authority of *Knothe v. State, ante,* p. 119, charged an offense under section 3238, Comp. St. 1922. The punishment for such on offense being provided by section 3288, Comp. St. 1922, and not by the provisions of chapter 106, Laws 1925. The court, in imposing the sentence, followed the provisions of chapter 106, Laws 1925, which provides as a penalty, for the first offense, a fine of $100 and imprisonment in the county jail not less than 60 days nor more than 90 days. The penalty prescribed by section 3288, Comp. St. 1922, provides for the first offense, a fine of $100 or imprisonment .in the county jail not less than 30 days nor more than 60 days. It therefore appears that the court was in error in applying the provisions of chapter 106, Laws 1925, in pronouncing its judgment, and exceeded his jurisdiction in so doing. However, all proceedings up to the sentence are regular and valid.

In paragraph 5 of the syllabus in the *Knothe* case, we say: "It charges, however, an offense under section 3238, Comp. St. 1922, punishable exclusively as provided by section 3288, Comp. St. 1922." The word "exclusively" was inadvertently used, and was intended only to draw particular attention, that the provisions of section 3288 should be applied in contra-distinction to those prescribed by chapter 106, Laws 1925, and not as a limitation on other provisions of the statute.

Upon the authority of the *Knothe* case, the judgment is reversed and the cause remanded to the district court, with directions to impose a sentence as provided by section 3288, Comp. St. 1922, but without prejudice to the right of the court, if a jail sentence is imposed, to couple therewith a condition as prescribed in section 10169, Comp. St. 1922.

REVERSED.