EDWARD HICKMAN, APPELLEE, v. W. T. FENTON, WARDEN, APPELLANT.

FILED JULY 3, 1930. No. 27423.

*C. A. Sorensen, Attorney General,* and *George W. Ayres,* for appellant.

*Adams & Adams, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON, EBERLY and DAY, JJ.

ROSE, J.

This is an application for a writ of habeas corpus. Edward Hickman petitioned the district court for Lancaster county to release him from the custody of the warden of the state penitentiary. From a judgment granting the relief prayed the warden appealed.

The question presented by the appeal is the legality of the detention. Following is a chronology of events: March 14, 1924, petitioner, in a prosecution by the state in the district court for Douglas county, pleaded guilty to the charge of incest and for that felony was sentenced to imprisonment in the state penitentiary for a term of not less than three nor more than five years; March 14, 1924, to April 26, 1924, 43 days, imprisoned under the sentence in the jail of Douglas county, awaiting transfer to penitentiary; April 26, 1924, again taken before the district court for Douglas county, sentence vacated, rearraignment on same charge, plea of guilty, sentence to penitentiary for 25 years; April 26, 1924, returned to county jail, taken therefrom to penitentiary and thereafter detained by warden as commanded by mittimus under first sentence until it expired and subsequently detained under mittimus issued September 30, 1927, pursuant to second sentence; January 18, 1930, petition for habeas corpus filed in district court for Lancaster county; January 24, 1930, petitioner released.

The warden contends that the first sentence was void and that the trial court had power to set it aside and impose a lawful sentence at the same term of court and that consequently accused was not twice in jeopardy for the same

offense and not entitled to his liberty, since his term under the second and only valid sentence has not yet expired.

Petitioner insists that the district court for Douglas county had jurisdiction to sentence him in the first instance upon his plea of guilty; that there was no appellate review of the sentence first pronounced and that he was imprisoned 43 days thereunder; that the second sentence was void for want of jurisdiction to pronounce it, as otherwise it would place him twice in jeopardy for the same offense in violation of the Constitution. Const. art I, sec. 2.

There is nothing in the record to show any defect or irregularity in the proceedings prior to the time the first sentence was pronounced. The criminal court then had jurisdiction of the person of accused and of the subject-matter of the prosecution. Directly from the Constitution of Nebraska the presiding judge had power to accept the plea of guilty and to pass upon him the sentence authorized by law. Const. art V, sec. 9. Erroneous exercise of that power was contemplated by the framers of the Constitution and by the people who adopted it, as shown by their declaration that "The writ of error shall be a writ of right in all cases of felony." Const. art I, sec. 23. Power to accept the plea of guilty and to sentence accused was exercised in the present instance and resulted in the indeterminate sentence of three to five years and in imprisonment for that term, though the minimum period fixed by statute was 20 years for the offense charged. Accused did not procure a writ of error or challenge the jurisdiction of the court to impose the first sentence but under it served 43 days in the Douglas county jail, his term dating from the sentence and not from the time he was delivered to the warden. Comp. St. 1922, sec. 10195; *In re Fuller,* 34 Neb. 581.

The source of power to vacate a penitentiary sentence after a portion of it has been served and to impose a new and greater penalty under the same charge has not been pointed out, except in cases of void sentences and in cases where the convict himself applied for a rehearing or invoked appellate jurisdiction for the correction of errors.

A reviewer of the cases in which this subject was judicially discussed said:

"It seems to be well established that a trial court is without power to set aside a sentence after the defendant has been committed thereunder, and impose a new or different sentence increasing the punishment, even at the same term at which the original sentence was imposed. A judgment which attempts to do so is void, and the original judgment remains in force." 44 A. L. R. 1203.

Following the doctrine thus stated, many cases from different jurisdictions are cited in the note, including *In re Jones,* 35 Neb. 499. The report of that case shows that Jones pleaded guilty to the charge of burglary and that he was sentenced to the industrial school for boys on a finding he was under 18 years of age. Upon a subsequent showing that he was over 18 when he committed the felony, and after he had been committed to the industrial school, there was an attempt to revoke the sentence and to require him to serve a term in the penitentiary. In the opinion of the supreme court it was said:

"The sentence and the commitment thereunder to the industrial school being legal, did the court have jurisdiction to sentence the petitioner to the penitentiary after he had undergone a part of the punishment under the first judgment? The answer must be in the negative. While a district court has ample authority to correct a judgment in a criminal case at the term of court at which it is rendered, or a subsequent term, to make the same conform to the one actually pronounced, it has no jurisdiction to vacate a judgment in a criminal case after the same has gone into effect by commitment of the defendant under it, and substitute for it another sentence at the same term of court. The power of a court to revise or change a judgment, even in a civil case, is at an end after the same is in process of execution. The last sentence was illegally imposed, and its enforcement is without authority of law. To sustain the second judgment would be to hold that a person can be twice punished by judicial proceedings for the same offense." *In re Jones,* 35 Neb. 499.

To justify the detention in the present case it is argued that the *Jones* case is distinguishable for the asserted reason that the first sentence therein was valid, while the first sentence imposed upon petitioner herein was void and incapable of putting him in jeopardy within the meaning of the Constitution. There are decisions to the effect that the supreme court may remand a case for a lawful sentence where the one pronounced was void as being beyond the power of the trial court to pronounce and where the accused himself invoked appellate jurisdiction for the correction of errors. *Drawbridge v. State,* 115 Neb. 535; *Knothe v. State,* 115 Neb. 119. In another case it was held that a sentence for a misdemeanor, where nothing has been done under it, may be corrected at the same term of court by the trial judge. *State v. Smith,* 114 Neb. 653.

Was the first sentence of three to five years void? It was effective for the purpose of depriving petitioner of his liberty for 43 days before any attempt to revoke it was made. Under the mittimus issued pursuant thereto accused was detained by the warden until his sentence expired. Preceding the first sentence the proceedings were regular and valid. The presiding judge had constitutional power to accept the plea of guilty and to impose a sentence of 20 years. That power was exercised to the extent of a sentence of three to five years. It was valid as far as it went, but was erroneous in failing to impose the minimum penalty of 20 years. Had no further proceedings been taken, accused could not have been discharged on habeas corpus on the ground that it was void. Following is a recognized rule of law:

"If the court has jurisdiction of the person of the accused and of the crime charged in the information and does not exceed its lawful authority in passing sentence, its judgment is not void whatever errors may have preceded the rendition thereof." *In re Ream,* 54 Neb. 667.

The sentence for a shorter term than that prescribed by law did not exceed lawful authority in imposing it. A well-established principle has been stated thus:

"Habeas corpus will not lie on behalf of a convicted

prisoner on the ground that the sentence to imprisonment is in excess of the statutory period, since such a sentence is erroneous merely, and not void." *In re Fanton,* 55 Neb. 703. See, also, 12 R. C. L. 1208, sec. 27.

This is law in Nebraska and the principle applies with equal force to a sentence for a shorter period than the minimum prescribed by statute. While there are decisions to the contrary, the weight of authority and the better reasoning support the Nebraska rule.

The first or indeterminate sentence which the criminal court imposed upon petitioner was erroneous but not void. It was served according to its terms without having been reviewed in a proceeding in error. It follows that the second sentence under the same charge for the same offense was void. Petitioner is entitled to his liberty and the order discharging him is free from error.

AFFIRMED.