RALPH MYERS, APPELLANT, v. WILLIAM T. FENTON, APPELLEE.

FILED APRIL 10, 1931. No. 27779.

*Dale P. Stough,* for appellant.

*C. A. Sorensen, Attorney General,* and *George W. Ayres, contra.*

Heard before GOSS, C. J., DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

EBERLY, J.

This is an application for a writ of habeas corpus. Ralph Myers, as relator, petitioned the district court for Lancaster county to release him from the custody of the warden of the state penitentiary. From a judgment in effect remanding him to confinement in the state reformatory for men at Lincoln, there to serve a sentence of eighteen months' imprisonment imposed by the district court for Adams county, this relator prosecutes an appeal. The state presents no cross-appeal.

The following constitute the pertinent facts of the record submitted: The relator introduced in evidence a certified copy of the sentence imposed, disclosing that, in the district court for Adams county, on the 7th day of March, 1930, on a plea of guilty to an information charging him with the commission of forgery, the relator was "sentenced to eighteen months in the reformatory for men at Lincoln." The relator also introduced a certified copy of a purported sentence, imposed later, setting forth that in the district court for Adams county on the 15th day of March, 1930, further proceedings were had, and upon motion of the

county attorney to set aside the sentence of March 7, 1930, for the reason that Ralph Myers had theretofore been convicted of a similar offense and served time in the reformatory for men, and that this is his second offense, a further sentence was imposed and judgment entered purporting to set aside the order of March 7, 1930, and to impose for and in lieu thereof a sentence of imprisonment in the penitentiary at Lincoln, Nebraska, for a period of two years.

The record also establishes that on September 2, 1930, on a writ of habeas corpus issued upon petition of relator and pursuant to the prayer thereof, the sentence imposed on March 15, 1930, by the district court for Adams county was by the district court for Lancaster county adjudged void under the rule announced by this court in *Hickman v. Fenton,* 120 Neb. 66; that by the terms of this judgment the relator was remanded to the men's reformatory at Lincoln to serve the sentence of March 7, 1930.

In *Hickman v. Fenton, supra,* it will be noted that Rose, J., in the opinion, in support of the rule therein announced, quoted and approved the following: " 'It seems to be well established that a trial court is without power to set aside a sentence after the defendant has been committed thereunder, and impose a new or different sentence increasing the punishment, even at the same term at which the original sentence was imposed. A judgment which attempts to do so is void, and the original judgment remains in force.' 44 A. L. R. 1203."

On September 3, 1930, it appears that the board of control of Nebraska caused an "Order of Transfer" to be made and issued, which by its terms required the transfer of the relator from the state reformatory for men at Lincoln, Nebraska, to the state penitentiary, and further commanded the warden thereof to receive such prisoner for care and custody as provided by law. Thereafter the relator instituted the present proceeding as an independent and original proceeding in habeas corpus, challenging therein the validity of the process under which he was held, viz., the "Order of Transfer" last referred to. In this proceeding the district court for Lancaster county, after

hearing, entered an order on the 8th day of October, 1930, adjudging and determining "that the order of the board of control transferring the said Ralph Myers from the state reformatory for men to the state penitentiary was made without authority of law and is invalid and void;" and further in effect remanding the relator to the state reformatory for men for the completion of the sentence imposed by the district court for Adams county on March 7, 1930.

It is solely from that part of the final order remanding the relator to the reformatory for men, there to complete his sentence, that this appeal is prosecuted. This court in no manner passes upon, approves or disapproves any adjudication referred to in this opinion but not expressly by the relator challenged and presented for review.

It may be said, however, in passing, that the members of this court are agreed that the sentence imposed upon the relator on the 7th day of March, 1930, by the district court for Adams county, Nebraska, in a case then duly pending before it, where the trial court had jurisdiction of the offense and of the party charged with the same, appearing in all respects fair and regular on its face, is not subject to collateral attack. Indeed, its validity may not be questioned except upon proceedings in the nature of a review. And in a habeas corpus case it must be taken as good and valid in all respects. The court is further of the opinion that the suggestion that Myers, defendant, at the time this sentence was imposed, was then a second offender and not subject to commitment to the reformatory for men at Lincoln carries no force whatever. The terms and conditions of his sentence were matters for the determination of the trial court upon the evidence before it and the provisions of the statutes relating thereto. Its decision thereon, as well as upon other questions of fact involved in the case, its jurisdiction as to offense and parties being conceded, is not open to collateral attack or to review, except in a direct proceeding provided by law for that purpose. Such sentence must, therefore, under the penalties provided by law, be implicitly obeyed by executive officers concerned in its enforcement.

It was the unquestioned duty of the authorities in charge of the state reformatory for men at Lincoln to receive Myers on commitment under, and to comply with, the sentence of March 7, 1930, imposed by the district court for Adams county, even though the officers in charge of that institution had personal knowledge of a previous conviction for a felony and the service of such sentence by relator.

Indeed, the sentence of March 7, 1930, is the only legal and valid sentence, so far as shown by the present record, ever imposed on the relator. He is not in position to challenge the correctness of the conclusion that the sentence imposed on March 15, 1930, was invalid and void. Upon and pursuant to his own petition in the district court for Lancaster county, it was so adjudged and determined, pursuant to the rule announced by this court in *Hickman v. Fenton, supra*. Habeas corpus is in the nature of a civil proceeding, and the rule that it is a sound and salutary principle that a party cannot be heard to complain of an error which he himself has been instrumental in bringing about is fully applicable here and precludes a change of position on the part of the relator on the question now before us.

A void judgment is one which, from its inception, is and forever continues to be absolutely null, without legal efficacy; ineffectual to bind parties or support a right; of no legal force and effect whatever, and incapable of confirmation, ratification or enforcement in any manner or to any degree. In short, the purported judgment of March 15, 1930, being utterly void and so determined by a court of competent jurisdiction, the original judgment of March 7, 1930, imposing a sentence of eighteen months upon the relator, was in no manner set aside, nullified, modified, or affected in any way or in the slightest degree, and at all times remained in full force and effect *Hickman v. Fenton*, 120 Neb. 66.

It is obvious, therefore, that when the district court for Lancaster county in the instant case, from the evidence before it, determined that the "Order of Transfer" of

September 3, 1930, was really invalid and of no force and effect, its duty was plain. As already set forth, a duly certified copy of the sentence imposed by the district court for Adams county on the 7th day of March, 1930, and also of the purported but void judgment of March 15, 1930, together with a history of the proceedings had and adjudication thereon (including the invalidity of the latter sentence), were all embraced in the record submitted to it. Under these circumstances, the rule unquestionably applicable and controlling, in view of the situation, is: "So, while it is the duty of the court to release a person held in prison on a void process of commitment, so far as that process is concerned, yet if there is a valid judgment of imprisonment against him, of which a certified copy can be obtained, it is the duty of the court, when brought before it by habeas corpus, to retain the prisoner until a reasonable time allowed for the purpose of producing it has elapsed, and, if produced, to remand him." 12 R. C. L. 1252, sec. 70. *Ex parte Gibson*, 31 Cal. 619, 91 Am. Dec. 546. See, also, *Matter of Mason*, 8 Mich. 70; notes to *Koepke v. Hill*, 87 Am. St. Rep. 161, 197.

It will be remembered that the certified transcript of the valid judgment of March 7, 1930, placed in evidence by relator, supplied and completely fulfilled the statutory requirements with reference to delivery of convicts to the penitentiary. Comp. St. 1929, sec. 83-935. It would seem that these provisions are equally applicable to the state reformatory for men. The Lancaster county district court was therefore thus fully advised as to the rights of the state of Nebraska by the terms of the sentence imposed, and, pursuant to such sentence, the remand by the district court for Lancaster county of the relator as a prisoner to the state reformatory for men was an imperative compliance with the terms of the sentence lawfully imposed.

It not appearing that the relator is unlawfully deprived of his liberty, the action of the trial court in remanding him to the custody of the state reformatory for men is proper, and is

AFFIRMED.