STATE OF NEBRASKA, APPELLEE, v. DENNIS TYNDALL, APPELLANT.

187 N. W. 2d 298

Filed May 28, 1971.    No. 37889.

William G. Line of Kerrigan, Line & Martin, for appellant.

Clarence A. H. Meyer, Attorney General, and Ralph H. Gillan, for appellee.

Heard before SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

Defendant Dennis Tyndall was convicted under an information charging kidnapping, rape, and with being an habitual criminal. He was sentenced to life imprisonment on the kidnapping count, to a term of 20 years for rape, and to an additional term of 10 years as an habitual criminal. The sentences are to be served consecutively. We affirm the convictions but modify the life imprisonment sentence on Count I (kidnapping), and vacate the sentence for a term of 10 years on Count III (habitual criminal charge).

Defendant, who was a member of the Omaha Indian Tribe, was one of seven Indians involved in the kidnapping and rape incident described in State v. Goham, 187 Neb. 34, 187 N. W. 2d 305. He was tried in October 1970, 7 months after the Goham trial. Reference is made to that case for a recitation of the pertinent facts. As described therein, the complaining witness was forcibly dragged from her car, forced into a car occupied by seven Indians, and taken 2 miles to Big Elk Park where she was forcibly raped by them. The complaining witness identified the defendant as one of the individuals who forced her from her car and as the first one to rape her.

Defendant lists four assignments of error. They are: "The court erred: 1. In failing to vacate the convic-

tion for kidnapping as the alleged kidnapping was incidental to the charge of rape. 2. In imposing a sentence of life imprisonment for kidnapping as the statute in effect at the time of trial provided for a maximum sentence of 50 years for kidnapping. 3. In sentencing defendant to a separate consecutive term of ten years imprisonment for being an habitual criminal. 4. In failing to dismiss all proceedings against defendant for the reason that the court had lost jurisdiction by virtue of retrocession of criminal jurisdiction to the United States."

We adequately discussed defendant's first and second assignments of error in State v. Goham, 187 Neb. 34, 305 N. W. 2d 187. What we said there is fully applicable and controlling herein.

Defendant's third assignment of error must be sustained. The habitual criminal act, section 29-2221, R. S. Supp., 1969, does not create a new and separate criminal offense for which a person may be separately sentenced but provides merely that the repetition of criminal conduct aggravates the guilt and justifies greater punishment than ordinarily would be considered. Gamron v. Jones, 148 Neb. 645, 28 N. W. 2d 403. We accordingly vacate the separate sentence on Count III, the habitual criminal charge.

The fourth assignment of error alleges that the courts of Nebraska have lost jurisdiction herein because of the retrocession of criminal jurisdiction to the United States. The defendant's trial was completed October 15, 1970. The Secretary of the Interior published a notice in the Federal Register purporting to accept retrocession of jurisdiction over the Omaha Indian Reservation in Thurston County, Nebraska, on October 24, 1970. Defendant's motion for a new trial was overruled and he was sentenced on October 26, 1970. The Nebraska Legislature on February 1, 1971, withdrew its offer of retrocession because the United States had not accepted it in accordance with the terms and provisions

of Legislative Resolution 37, adopted April 16, 1969. The resolutions and discussion are more particularly set out in State v. Goham, 187 Neb. 34, 187 N. W. 2d 305. That case determined that the offer of retrocession having been withdrawn, 18 U. S. C. A., section 1162, is still applicable in Nebraska. There is no merit to defendant's fourth assignment of error.

The conviction of the defendant on the three counts herein is affirmed. The sentence on Count III is vacated and the sentence on Count I, for the reasons described in State v. Goham, 187 Neb. 34, 187 N. W. 2d 305, is reduced from life imprisonment to a term of 35 years. In all other respects, the judgment is affirmed.

AFFIRMED AS MODIFIED.