STATE OF NEBRASKA, APPELLEE, v. LARRY J. GASTON, APPELLANT.

226 N. W. 2d 355

Filed March 6, 1975. No. 39576.

Frank B. Morrison, Sr., and Bennett G. Hornstein, for appellant.

Paul L. Douglas, Attorney General, and Harold S. Salter, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

PER CURIAM.

This is an appeal from a resentencing. The defendant was originally sentenced to imprisonment for 1 to 2 years for forgery and 20 to 30 years for being an habitual criminal. In State v. Gaston, 191 Neb. 121, 214 N. W. 2d 376, a direct appeal, both sentences were held to be "unauthorized by statute, illegal, and of no force and effect." The sentences were vacated and the cause remanded to the District Court for resentencing.

Upon remand the defendant was sentenced to imprisonment for 20 to 30 years and fined $1. The defendant has again appealed and contends the sentence imposed violated the constitutional provisions against double jeopardy and was excessive.

The constitutional provisions against double jeopardy protect against both multiple prosecutions and multiple punishments for the same offense. North Carolina v. Pearce, 395 U. S. 711, 89 S. Ct. 2072, 23 L. Ed. 2d 656; In re Jones, 35 Neb. 499, 53 N. W. 468. But, where a sentence not authorized by law has been imposed, an appellate court may remand the cause with directions to impose a lawful sentence even though a part of the invalid sentence has been served. In McCormick v. State, 71 Neb. 505, 99 N. W. 237, this court held: "Where a prisoner has been found guilty on a criminal charge, and the only error that appears on the record is the failure of the court to pronounce a legal judgment against him, it is the proper practice, and this court has the power, after setting aside the void or erroneous judgment, to remand the case and the accused, if sen-

tence has not been suspended, to the district court, with instructions to render judgment on the verdict in the manner provided by law.

"Confinement in the penitentiary under a void or erroneous sentence, because of the failure of the accused to obtain a suspension of his sentence during the pendency of his proceedings in error, is in no sense a part execution of a legal sentence; and by the rendition and execution of a legal judgment, the accused is not twice punished for the same offense." See, also, Murphy v. Massachusetts, 177 U. S. 155, 20 S. Ct. 639, 44 L. Ed. 711; In re Bonner, 151 U. S. 242, 14 S. Ct. 323, 38 L. Ed. 149; Bozza v. United States, 330 U. S. 160, 67 S. Ct. 645, 91 L. Ed. 818; State v. Fountaine, 199 Kan. 434, 430 P. 2d 235; Freeman v. State, 87 Idaho 170, 392 P. 2d 542; State ex rel. Boner v. Boles, 148 W. Va. 802, 137 S. E. 2d 418. If the sentence first imposed was invalid, the sentence imposed after remand does not violate the constitutional prohibition against double jeopardy.

The defendant is now 26 years of age. His record of juvenile misconduct commenced in 1957. In 1962 he was committed to the Boys Training School for attempted robbery involving use of a stolen rifle. Paroled in 1963 his record shows six arrests for burglary, shoplifting, larceny, and similar offenses until he was again committed to the Boys Training School in 1964.

As an adult he has been convicted of burglary, receiving stolen property, and violation of the Dyer Act. The forgery in this case involved use of checks stolen in a burglary. His record shows arrests for a number of offenses for which there was no prosecution.

The habitual criminal act provides for imprisonment for a term of not less than 10 nor more than 60 years. § 29-2221, R. S. Supp., 1972. In view of the defendant's past record the sentence to imprisonment for 20 to 30 years was not excessive. If the defendant's attitude toward society has changed, as suggested by his counsel at the time of resentencing, the proper authorities may

extend leniency when the defendant has demonstrated his interest in rehabilitation.

The judgment of the District Court is affirmed.

AFFIRMED.

SPENCER, J., dissents for the reasons stated in his dissenting opinion in State v. Gaston, 191 Neb. 121, 214 N. W. 2d 376.